432 So.2d 155 (1983)
HARTNETT, INC., William J. Hartnett, and Frederick B. Hartnett, Appellants,
v.
DEPARTMENT OF INSURANCE OF the STATE of Florida, As Receiver of Southern American Fire Insurance Company, Appellee.
No. 81-977.
District Court of Appeal of Florida, Third District.
May 10, 1983.
Rehearing Denied June 17, 1983.
Barrett & Rogers and William Rogers; Jepeway & Jepeway and Louis Jepeway, Miami, for appellants.
Charles J. Grimsley and Jerry D. Service, Tallahassee, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
NESBITT, Judge.
The Department of Insurance as the receiver for Southern American Fire Insurance *156 Co. (Southern American) brought a complaint against Hartnett, Inc. alleging breach of contract and conversion and against Frederick B. Hartnett and William J. Hartnett, Sr. on the basis of Section 626.734, Florida Statutes (1981). The underlying basis for the plaintiff's cause of action was an agency agreement entered into between Southern American and Hartnett, Inc. Pursuant to the contract, Hartnett, Inc., which was a general lines insurance agency, was authorized to write insurance and collect premiums on behalf of Southern American. Premiums which were due to Southern American were to be paid not later than forty-five days after the end of the month for which the amount was rendered. In its complaint, the Department of Insurance alleged that Hartnett, Inc. breached its contract with Southern American by failing to remit $126,160.65 in premiums, and that it wrongfully converted these sums to its own use. On these claims, the jury by special interrogatory verdict found against Hartnett, Inc. and assessed damages in the sum of $78,617.85.
The plaintiff's cause of action against William J. Hartnett, Sr. and Frederick B. Hartnett was predicated on the provisions of Section 626.734, Florida Statutes (1981). The Department of Insurance alleged that, under that statute, the individual defendants could be liable for wrongful acts of misconduct which violated the provisions of Section 626.561, Florida Statutes (1981) whether those acts were committed by the defendants or by those persons under their direct supervision and control. The jury found that the individuals were liable and assessed the full amount of the damages imposed on Hartnett, Inc. against these defendants jointly and severally. Defendants' motion for remittitur was granted in the sum of $2,500; however, all other post-trial motions were denied. The defendants appeal from the denial of their post-trial motions. We affirm.
Because only the arguments of the individuals relate to liability, we will consider their claims first. In their motion for a new trial or remittitur and motions for a judgment in accordance with their motion for a directed verdict, William J. Hartnett and Frederick B. Hartnett argued inter alia that Section 626.734 was unconstitutional for vagueness, overbreadth and lack of due process. The trial court, in its order denying these motions, found that the statute was valid. Section 626.734 provides:
Any general lines insurance agent who is an officer, director, stockholder, or employee of an incorporated general lines insurance agency shall remain personally and fully liable and accountable for any wrongful acts, misconduct, or violations of any provisions of this code committed by such licensee or by any person under his direct supervision and control while acting on behalf of the corporation.
The thrust of defendants' constitutional argument is that the statute fails to inform a reader of: (1) the consequences or penalty; (2) the conduct proscribed; and (3) for whose conduct defendant is responsible. The phrase personally liable needs no interpretation. As to the conduct proscribed, the statute states that liability will be imposed for wrongful acts, misconduct, or violations of any provisions of the insurance code. One need only review the rest of the code to determine the specific acts which would be violative of the code's provisions. Section 626.734 conveys a sufficiently definite warning to those subject to its provisions what conduct on their part will render them liable to its penalties. State v. Gale Distributors, Inc., 349 So.2d 150 (Fla. 1977); compare State v. Llopis, 257 So.2d 17 (Fla. 1971) (statute prohibiting public employee from accepting other employment which might impair his independence of judgment in the performance of his public duties found vague). D'Alemberte v. Anderson, 349 So.2d 164 (Fla. 1977) (statute prohibiting public officer from accepting any gift, favor, or service of value to the recipient that would cause a reasonably prudent person to be influenced in the discharge of official duties was unconstitutionally vague). Lastly, we find that it is clear for whose conduct the defendant would be liable. "Such licensee" can only refer to the agent since it is *157 the agent and not the agency which is licensed. While the question of whether or not one is under the licensee's direct supervision and control is one for the jury, this does not make the statute impermissibly vague.
Accordingly, we hold that this statute is neither vague nor ambiguous, nor would men of common intelligence have to guess at its meaning or differ as to its application. The language of the statute conveys a clear and definite meaning  any general lines agent who is an officer, director, stockholder, or employee of an incorporated general lines agency will be personally liable for violations of the insurance code committed by himself or those under his direct supervision and control. Finding them to be without merit, we also reject the defendants' arguments that the statute is overbroad or a violation of due process.
The individual defendants next contend that the trial court erred in denying their motions for a directed verdict since there was no evidence that either of them were directly supervising the functions of Hartnett, Inc. We find that it was within the province of the jury to resolve the issue of liability on the basis of conflicting evidence. See Aetna Casualty & Surety Co. v. Florida Power & Light Co., 367 So.2d 1104 (Fla. 3d DCA 1979).
Substantial testimony at trial indicated that Frederick B. Hartnett was involved in the business operations of Hartnett, Inc. at all times material to this law suit. He was the president, director, and a stockholder of the Hartnett agency. In his capacity as president, Frederick executed the agency agreement between Hartnett, Inc. and Southern American. He was a licensed general lines insurance agent authorized to write policies on behalf of Southern American. His signature (or a facsimile thereof) appeared more often than any other on the policy dailies issued by Hartnett, Inc. As president, Frederick signed letters in response to the receiver's requests for payments of premiums due Southern American. In his testimony at trial, Frederick admitted that he had technical control over the operations of the office.
William J. Hartnett, Sr. was the president of Southern American during the years in question. Additionally, however, he was a director and treasurer of Hartnett, Inc. He was authorized to sign and did sign checks on behalf of Hartnett, Inc. In fact, he and Frederick were the principal officers who signed checks on behalf of Hartnett, Inc. William testified that he often went in and out of the Hartnett offices.
On this record, we find that there was evidence that Frederick B. Hartnett and William J. Hartnett, Sr. either personally or through the actions of those under their direct supervision or control wrongfully failed to remit premiums due Southern American in violation of Section 626.561, Florida Statutes (1981) of the Insurance Code. Consequently, the issue was properly submitted to the jurors for their determination. We will not substitute our judgment for theirs.
On the issue of damages, Hartnett, Inc. and the individual defendants argue that the manifest weight of the evidence established that policies in the amount of $55,516.86 were improperly charged to Hartnett and that a remittitur should have been granted in the amount of $18,828.97 on the basis that these amounts were credited to customers for cancelled policies. Because we find that there is substantial, competent evidence to support the jury's determination, we hold that the trial court did not abuse its discretion in denying the motions for a new trial or remittitur. Jones v. Airport Rent-A-Car, Inc., 342 So.2d 104 (Fla. 3d DCA 1977).
For the foregoing reasons, we affirm.