SHARP, Judge.
Copeland appeals from a final summary judgment in favor of the Home Insurance Company. The judgment holds him personally liable for his insurance company’s failure to pay over and account for premiums it collected on behalf of Home. We affirm.
Copeland, a general lines insurance agent, admitted he was the president of his insurance agency and that on behalf of his agency, he signed an agency agreement with Home. This agreement provided that his agency would, inter alia, collect the premiums solicited for the insurance company and forward the required sums to Home. Some $75,000.00 in premiums which were due to Home were collected by Copeland’s agency, but not paid to Home.
Based on the record before the trial court, we agree that Copeland’s liability was established as a matter of law. The failure to pay the premiums due Home was either the result of Copeland’s own act or that of a person acting under his direct supervision and control. Shortly after this suit was filed, Copeland’s insurance agency filed a petition under Chapter 11 and the proceeding was stayed as to it. In opposition to the motion for summary judgment, Copeland filed an affidavit alleging that no monies were wrongfully taken by him personally, or taken as a result of misconduct, diversion or appropriation from the agency.
Section 626.734, Florida Statutes (1985) provides:
Corporations, liability of agent. — Any general lines insurance agent who is an officer, director, stockholder, or employee of an incorporated general lines insurance agency shall remain personally and fully liable and accountable for any wrongful acts, misconduct, or violations of any provisions of this code committed by such licensee or by any person under his direct supervision and control while acting on behalf of the corporation.
A violation of the insurance code arose when the agency failed to account for and remit the premiums collected for Home. Section 626.561(1), Florida Statutes (1985) provides:
All premiums, return premiums, or other funds belonging to insurers or others received by an agent, solicitor or adjuster in transactions under his license shall be trust funds so received by the licensee in a fiduciary capacity; and the *95 licensee in the applicable regular course of business shall account for and pay the same to the insurer, insured, or other person entitled thereto.
Copeland argues the state of the record creates an issue of fact as to his willfulness or intent to misappropriate funds. We do not agree that an intent to misappropriate is a necessary element to prove a violation of section 626.561(1). Liability arises upon a showing that a person has direct supervision and control over an agency and its employees, and that insurance premiums are collected by the agency, but not accounted for or turned over to the insurance company for whom the agency is acting. This is analogous to a trustee’s liability to a beneficiary for lost trust funds. Cf Beck v. Beck, 383 So.2d 268 (Fla. 3rd DCA 1980).
Unlike Hartnett, Inc. v. Department of Insurance of State, 432 So.2d 155 (Fla. 3rd DCA), review denied, 440 So.2d 352 (Fla.1983), there is no factual dispute in this case as to whether or not Copeland had direct supervision and control over his agency. Further, Hartnett does not discuss willfulness or intent as being a necessary element to prove a violation of section 626.561. It should have done so in its thorough analysis of this provision, had it thought specific intent was a necessary element. Further, we think Bowling v. Department of Insurance, 394 So.2d 165 (Fla. 1st DCA 1981) is distinguishable from this case since it involved different provisions of the insurance code, and it was an administrative proceeding filed to revoke an insurance agent’s license.
AFFIRMED.
UPCHURCH, C.J., and DAUKSCH, J., concur.