WOLF, Judge.
This is an appeal from a final order of the Department of Insurance (department) which suspended for six months the insurance license of appellant, John W. Ganter. Appellant asserts that the department improperly suspended his license for the misconduct of an unlicensed corporate employee where there was insufficient evidence that appellant knew or should have known of the employee’s misconduct. The department asserts that there was no requirement that it prove appellant had knowledge of his employee’s misconduct under section 626.734, Florida Statutes (1989), as it existed at the time of the alleged misconduct. Appellee also asserts that there were sufficient findings of fact and evidence in the record to support the suspension based on appellant’s implied knowledge of the alleged misconduct. We find that the department was required to prove that appellant knew or should have known of the misconduct of his employee under section 626.724 as it existed at the time of the misconduct,[1] but that the record contains clear and convincing evidence to support the hearing officer’s determination of appellant’s knowledge. We affirm.
Appellant was the president, director, and registered agent of Devor Auto Insurance of Brandon, Inc. (Devor). At the times in issue, the appellant employed Jay Schetina, not a licensed insurance agent in Florida, to work as a salesman at the Brandon office. Mr. Schetina worked directly under the supervision and control of the appellant and was in charge of the Brandon office when the appellant, who worked four days a week at the other office he owned in Cape Coral, Florida, was not present.
In January and February of 1989, the four consumers whose underlying insurance transactions resulted in the discipline of appellant’s licenses, dealt directly with Mr. Schetina. The hearing officer found that Schetina in dealing with these consumers misrepresented the terms and conditions of certain insurance policies by causing these consumers to purchase auto service contracts without their authorization or consent. An employee of the agency *204 who purchased Devor[2] testified at hearing that at the time of the purchase (which occurred subsequent to the transactions with those consumers) numerous auto service contracts were found in the Devor files, and the copies of those contracts which were to be sent to the consumers were still attached.
The department proceeded against appellant based upon the procurement of the unauthorized auto service contracts. An administrative hearing was held on April 27, 1991. Mr. Ganter testified at the final hearing that he had no personal contact with these consumers regarding the purchase of their insurance coverages, and that he had no knowledge that the auto service contract applications were not signed by some of these consumers. Mr. Ganter also testified that it was agency policy to explain the auto service contract options to consumers, and that he never instructed Jay Schetina or any employees at Devor to sign other people’s names to an auto service contract.
Within the conclusion of the law section of the recommended order, the hearing officer stated the following:
The evidence clearly establishes that Respondent did not, personally or directly, commit any of the misconduct which is charged here. He was, however, in charge. Mr. Schetina worked for him and was under his supervision, and as is aptly pointed out by counsel for Petitioner, a simple review of business written and a follow-up of client files by the Respondent would have disclosed Scheti-na’s improprieties and afforded an opportunity to correct them. There is no indication that at any time during the period in issue, did Respondent make even the slightest effort to properly oversee his employees. In fact, the Department took action against him for that very failure even though the action, in the form of a Consent Order, did not come about until after the misconduct here shown.
Later, in the same section of the order, the hearing officer states as follows:
Clearly, Respondent did not personally commit the misconduct alleged and he cannot, therefore, be disciplined under the provisions of section 626.611. However, his laissez faire management approach to the running of Devor, and his almost cavalier approach to supervising the nonlicensed individuals he had running the operation in his absence, make him clearly a candidate for action under section 626.621 if he can be found to fall within the purview of that portion of the statute which holds the principal liable if he should have known [emphasis supplied] what his employees were doing. Without doubt he does.
These purported conclusions of law actually contain many findings of fact concerning appellant’s constructive knowledge of his employee’s negligence.[3] These findings are supported by the evidence. Evidence presented at the hearing showed appellant spent four days a week at his Cape Coral office and did not employ a licensed agent to supervise personnel in the Brandon office. There was also evidence that a review of the insurance files would reveal the misconduct involved. No evidence was presented, however, concerning the appropriate minimum standards of conduct either by adopted rule, communicated agency policy, or expert testimony against which the licensee’s misconduct could be judged. While appellant was cited and later entered into a consent order with the department in regard to improper supervi *205 sion, these actions occurred after the improprieties on which the suspension was based.
Section 626.734, Florida Statutes (1989), states
Any general lines insurance agency who is an officer, director, stockholder, or employee on an incorporated general lines insurance agency shall remain personally and fully liable and accountable for any wrongful acts, misconduct, or violations or any provisions of this code committed by such licensee or by any person under his direct supervision and control while acting on behalf of the corporation.
In Hartnett v. Department of Ins., 432 So.2d 155 (Fla. 3d DCA 1983), rev. denied, 440 So.2d 352 (Fla.1983), the court upheld the statute against constitutional attack and determined that an insurance agent could be liable for actions of his employee notwithstanding lack of knowledge.
In Pie N’ Save Central Florida v. Department of Business Regulation, Div. of Alcoholic Beverages and Tobacco, 601 So.2d 245 (Fla. 1st DCA 1992), this court recognized the distinction between imposing liability under the theory of respondeat superior and revoking a party’s right to conduct business. In Pic N’ Save, supra, the court held that while the governing statute itself did not require proof of licensee’s knowledge that in order to suspend a party’s liquor license, the department must establish that the licensee knew or should have known of the misconduct of its employee. The court went on to acknowledge that this construction of the statute is consistent with the idea “that one’s license to engage in an occupation is not to be taken away except for misconduct personal to the licensee.” Pic N’ Save, supra at 250. There is no rational basis for not imposing the same standard for revocation of an insurance license.[4] The closer issue is whether this evidence and the hearing officer’s subsequent findings are sufficient to justify disciplinary action against the appellant based upon implied knowledge. In Pic N’ Save, supra at 249, the court stated that a business license is subject to suspension or revocation only upon clear and convincing evidence of the alleged violation. Ferris v. Turlington, 510 So.2d 292 (Fla.1987), and Evans Packing Co. v. Department of Agriculture, 550 So.2d 112 (Fla. 1st DCA 1989). Only when the employees act in a “persistent and practiced manner” so as to justify being described as “flagrant,” is “the factual inference that the violations were either fostered, condoned, or negligently overlooked by the licensee” justified. Id. 601 So.2d at 253-254.
The imposition of personal responsibility on the licensee for the illegal sales by its employees requires proof of minimum standards of conduct, either by adopted rules, communicated agency policy or expert testimony against which the licensee’s alleged misconduct can be judged.
Pic N’ Save, supra, 601 So.2d at 256. The court went on, however, to say that “a licensee may not remove himself from the responsibility by not being present on the premises by claiming ignorance of repeated violations.”
While there is a lack of evidence of minimum standards of conduct in the instant case, the facts in this case are markedly different than those concerning the alleged violation in Pic N’ Save.
In the instant case, unlike Pic N’ Save, there is no evidence that the appellant took any measures to attempt to discourage violations. In fact, the evidence demonstrated a complete lack of supervision. In addition, the nature of the violations were such that a reasonable review of the files would have revealed the misconduct.[5] There is also evidence which demonstrates that the violations remained unreported or undetected for over nine months after they occurred. Under these circum *206 stances, there was clear and convincing evidence to support the hearing officer’s determination that the agent knew or should have known of the misconduct of his employees.
Affirmed.
KAHN, J., concurring with written opinion.
ZEHMER, J., dissenting with written opinion.

. It is, therefore, unnecessary for us to address the retroactive applicability of ch. 90-363 § 70, Laws of Fla., which amended § 626.734 to specifically require knowledge on the part of the employer prior to suspension of license based upon an employee’s misconduct.

. It appears transfer occurred in October, 1989, although it is not absolutely clear from the record.

. This misdesignation of findings of fact as conclusions of law did not in any way materially impair the fairness or correctness of the proceeding. Schomer v. Department of Professional Regulation, 417 So.2d 1089 (Fla. 3d DCA 1982); Cullen v. Florida Audubon Society, 582 So.2d 1241 (Fla. 3d DCA 1991). In addition, while the charging document did not allege that appellant knew or should have known of his employee’s misconduct, we are unable to ascertain how holding appellee to the stricter standard results in prejudice to appellant, especially where the charge was defended on the basis that appellant had no reason to know of the employee’s misconduct. Farzad v. Department of Professional Regulation, 443 So.2d 373 (Fla. 1st DCA 1983).

. See Woodham v. Williams, 207 So.2d 320, 322 (Fla. 1st DCA 1968), which identified insurance as a highly regulated business and determined that the right to sell insurance constituted a privilege. This is similar to regulation of sales of alcohol.

. In the sale of alcohol to minors cases, there is no continuing evidence of the violation which would alert the licensee.