ZEHMER, Judge
(Dissenting).
I agree that the Department of Insurance is obligated by the applicable case and statutory law to prove that Ganter personally “knew or should have known” of the alleged acts of misconduct committed by his salesman Schetina. Under the authorities cited in the majority opinion, the Department of Insurance is authorized to impose civil penalties involving the suspension or revocation of a person’s license to engage in an occupation only upon proof by clear and convincing evidence that the licensee personally participated in alleged acts of misconduct or, when the alleged acts of misconduct are shown to have been committed by a subordinate salesman or employee, that the licensee was guilty of personal misconduct in the sense that he either “knew or should have known” of such acts of misconduct in sufficient time to have taken action to prevent or correct it.[1]
I do not agree, however, that the evidence and findings of fact are legally sufficient to satisfy the Department’s burden of demonstrating, by clear and convincing evidence, that appellant Ganter was guilty of personal acts of misconduct because he knew or should have known of Schetina’s misconduct and thereby establish the alleged violations of the insurance code warranting the suspension of Ganter’s license. *207 I reach this conclusion for the following reasons.
First, it is necessary to note that this case was charged and tried on the premise that the 1989 version of section 626.734 was controlling on Ganter’s personal liability for Schetina’s wrongful acts, and that the Department construed that statute as imposing strict legal liability on Ganter for Schetina’s wrongful acts charged in the complaint. This is made indisputably evident by the general allegations applicable to all counts of the Department’s administrative complaint:
6. Pursuant to Section 626.734, Florida Statutes, as a licensed general lines insurance agent and corporate officer of DEYOR OF BRANDON, you, JOHN W. GANTER, were and remain personally and fully liable and accountable for any wrongful acts, misconduct or violation of any provisions of the Florida Insurance Code which you, JOHN W. GANTER, or any person under your supervision and control commit while acting on behalf of the corporation.
The administrative complaint does not contain any allegations that Ganter is guilty of specific acts of negligent supervision because he knew or should have known of Schetina’s acts of misconduct; on the contrary, all counts except the first allege that Ganter personally solicited and procured the insurance and auto service contracts and received the monies paid therefor, and that these acts constituted violation of chapter 626.[2] While the first count alleges that Schetina committed the charged acts, it further alleges that Ganter was absolutely liable therefor as if he had personally *208 committed such acts. In other words, the complaint is couched solely in terms of Ganter’s liability in the nature of responde-at superior for the acts of another as a matter of law under the Department’s construction of section 626.734.
Consistent with this theory of strict liability, the hearing officer’s recommended order finds Schetina’s acts violated chapter 626 and then recites, “The question for resolution, however, is not what was done or whether that misconduct constitutes actionable misconduct, but whether that misconduct, clearly not perpetrated by the Respondent [Ganter], can be attributed to him and he be held liable therefor as to permit discipline of his license.” The hearing officer’s recommended resolution of this question relies on the 1989 version of section 626.734, construing this statute as imposing strict liability on Ganter for Schetina’s acts as a matter of law, as the following excerpt from the recommended order shows:
The resolution of this issue is resolved by existent law. Section 626.734, Florida Statutes, 1989, states:
Any general lines insurance agent who is an officer, director, stockholder, or employee of an incorporated general lines insurance agency shall remain personally and fully liable and accountable for any wrongful acts, misconduct, or violations or any provisions of this code committed by such licensee or by any person under his direct supervision and control while acting on behalf of the corporation.
Examining the facts shown to exist here in light of that statute it is clear that Devor Auto Insurance of Brandon, Inc., was an incorporated general lines agency and that Respondent was the president, director, and registered agent of the agency. He was the only licensed general lines insurance agent employed at or working at Devor of Brandon. The evidence also shows that Jay Schetina, an unlicensed individual, was working as a sales person at the agency and was the person who dealt with all the clients involved herein. Clearly, Mr. Schetina was running the agency for the Respondent during the four days per week that Respondent was working out of the Cape Coral office.
The evidence clearly establishes that Respondent did not, personally or directly, commit any of the misconduct which is charged here. He was, however, in charge. Mr. Schetina worked for him and was under his supervision, and as is aptly pointed out by counsel for Petitioner [Department], a simple review of business written and a follow-up of client files by the Respondent would have disclosed Schetina’s improprieties and afforded an opportunity to correct them. There is no indication that at any time during the period in issue, did Respondent make even the slightest effort to properly oversee his employees. In fact, the Department took action against him for that very failure even though the action, in the form of a Consent Order, did not come about until after the misconduct here shown. [Emphasis added.]
Respondent relies on the action taken by the Legislature in the 1990 session whereby Section 626.734 was changed to read:
Nothing in this section shall be construed to render any person criminally liable or subject to any disciplinary proceedings for any act unless such person personally committed or knew or should have known of such act and of the facts constituting a violation of this chapter.
Under even this latest statute, however, action can be taken against a licensee who did not personally commit acts of misconduct if that person knew or should have known of those facts.
Sections 626.611 and 626.621 are disciplinary statutes and permit revocation of a license under particular circumstances. Respondent is correct when he points out that such statutes must be strictly construed, Bach v. Florida State Board of Dentistry, 378 So.2d 34 (Fla. 1 DCA 1979).
Clearly, Respondent did not personally commit the misconduct alleged and he cannot, therefore, be disciplined under *209 the provisions of Section 626.611. However, his laissez faire management approach to the running of Devor, and his almost cavalier approach to supervising the non-licensed individuals he had running the operation in his absence, make him clearly a candidate for action under section 626.621 if he can be found to fall within the purview of that portion of the statute which holds the principal liable if he should have known, [emphasis in original] what his employees were doing. Without doubt he does.
The evidence shows that Respondent, through his unsupervised employee, made fraudulent statements relative to the applications for the auto service policies for the clients outlined for the purpose of increasing his fee, (Sec. 626.-9541(l)(k)l [sic] and engaged in unfair and deceptive acts in the business of insurance (Sec. 626.9521). Both constitute violations of the Insurance Code and are also violations of Section 626.621(2) and (6), Florida Statutes.
There are no findings of fact relating to any specific acts showing that Ganter knew or should have known, or even when he knew or should have known, of Schetina’s misconduct. There are no findings as to what Ganter could or should have done but failed to do so as to gain such knowledge and prevent or cure Schetina’s wrongful acts. I am unable to determine from the record or the order precisely what the evidence shows about Ganter’s knowledge or how he should have gained such knowledge. I do not find any detailed findings of fact supported by competent, substantial evidence that are legally sufficient to support a basis for holding Ganter legally liable for the misconduct of his employee, Schetina, under the correct legal standard. Cf. Pic N’ Save Central Florida v. Department of Business Regulation, 601 So.2d 245 (Fla. 1st DCA 1992). Whether Ganter could or should have discovered Schetina’s acts of misconduct and fraudulent representations by making a review of the files covering the transactions in question is purely a matter of conjecture, for there was no evidence and no specific findings of fact on this issue. The hearing officer’s recommended order merely recites in the “conclusions of law” that, “as is aptly pointed out by counsel for Petitioner [the Department], a simple review of business written and a follow-up of client files by the Respondent [Ganter] would have disclosed Schetina’s improprieties and afforded an opportunity to correct them. There is no indication that at any time during the period in issue, did Respondent make even the slightest effort to properly oversee his employees.” [Emphasis added.] But the recommended order contains no findings of fact based on matters in evidence that support these conclusions, nor do I know what record evidence the hearing officer is referring to in making these statements. Rather, these statements are based either on argument by counsel for the Department or the absence of evidence indicating that respondent made any effort to oversee or supervise his employee. This rationale reveals that the hearing officer was requiring Ganter to prove that he supervised his employees rather than requiring the Department to prove by clear and convincing evidence that Ganter would or should have learned of Schetina’s improper conduct had he not been guilty of conduct amounting to negligent supervision of Schetina. It may well be that Ganter did not present any evidence regarding the adequacy of his supervision in respect to the wrongful acts specifically charged because the administrative complaint only charged that Ganter was strictly liable as a matter of law for Schetina’s wrongful acts, not that Ganter was guilty of negligent supervision of his employee.
In any event, this alternative theory of negligent supervision fashioned in the hearing officer’s recommended order is not properly before this court as a basis for affirming the appealed final ordér. This is so because the Department’s final order explicitly ruled that the hearing officer’s statements in the conclusions of law were properly characterized as such and were not findings of fact. Ganter timely filed exceptions to the conclusions of law in the hearing officer’s recommended order. One of the exceptions urged a total lack of *210 competent, substantial evidence and findings of fact to support the hearing officer’s statements in the conclusions of law that “... as is aptly pointed out by counsel for Petitioner, a simple review of business written and a follow-up of client files by the Respondent would have disclosed Sche-tina’s improprieties and afforded an opportunity to correct them.” The Department overruled Ganter’s exception to these statements, explaining:
The hearing officer’s phrase falls within the general discussion of Respondent’s capacity as supervisor at Devor Auto Insurance, Inc. This discussion shows how counsel for the Petitioner [Department] clearly established that Respondent’s activities met the terms of Section 626.734, Florida Statutes, which makes general lines agents strictly and personally liable for the misconduct of subordinates. Thus, the hearing officer’s phrase qualifies as a legal conclusion.
Further, the evidence clearly supports the conclusion that the Respondent had supervisory responsibilities over Jay Schetina. The record as a whole in this cause supports this conclusion; and, in particular, the Respondent himself stated of Mr. Schetina, “He’s my employee. He worked for me over two years, probably three years” (T. 182). Thus, the hearing officer properly applied the statute. That the hearing officer delved into Respondent’s style of supervision is inconsequential to his conclusion of Respondent’s violation.
(R. 6) (emphasis added). The Department determined only that the record contained competent, substantial evidence to prove that Ganter was Schetina’s supervisor; it refused to determine whether the record contained clear and convincing evidence legally sufficient to prove that Ganter’s personal conduct was a violation under chapter 626. Rejecting Ganter’s exception, the Department explicitly declined to consider whether Ganter’s personal acts of supervision over Schetina were legally deficient, and determined only that he should be held absolutely liable as a matter of law for Schetina’s wrongful acts under a strict application of section 626.734 without regard to any personal acts of misconduct.
Consistent with this theory of absolute liability, the final order also rejected the hearing officer’s recommended conclusion of law that since Ganter did not personally commit the misconduct alleged he could not be disciplined under section 626.611, making the following explanation:
This conclusion [in the hearing officer’s recommended order] implied that a lack of personal involvement in an infraction, or misconduct which brought the licensee in violation of the Insurance Code by virtue of Section 626.734, Florida Statutes, precluded application of section 626.611, Florida Statutes. This conclusion contradicts precedent. See Thomas v. Department of Insurance and Treasurer, 559 So.2d 419, 421-22 (Fla. 2d DCA 1990) (626.611 held applicable where insurance consumers unknowingly bought auto club memberships from licensee’s employee); Hartnett v. Department of Insurance, 432 So.2d 155, 157 (Fla. 3d DCA 1983) (licensee held personally accountable for misappropriation where employees committed misconduct). Accordingly, a licensee could be held in violation of Section 626.611, Florida Statutes, where he did not personally commit the misconduct alleged, and that portion of the hearing officer’s Conclusions of Law contradicting this principle is hereby REJECTED.
Based on this view of the law, the Department ruled that Ganter was subject to discipline regardless of his personal involvement in Schetina’s wrongful acts, or whether the record contained competent, substantial evidence to support findings of fact that, by reason of his own personal acts of misconduct, Ganter “knew or should have known” of Schetina’s misconduct. On this basis, the Department ordered Ganter’s license suspended. This is not the legal basis for the majority opinion’s affirmance of the final order, however. The majority opinion does not address the legal propriety of the ruling in the final order under review, although that is the principal error Ganter raises on this appeal. In holding that “there was clear and convincing evi *211 dence to support the hearing officer’s determination that the agent knew or should have known of the misconduct of his employee,” the majority opinion ignores the legal and factual basis of the Department’s final order, approves the Department’s rejection of Ganter’s exception to the conclusions of law that are now characterized as findings of fact, implicitly disapproves the Department’s characterization of that statement as a “conclusion of law” rather than a “finding of fact,” and determines that the record contains clear and convincing evidence to prove facts not specifically found in the recommended order despite the Department’s refusal to make that analysis and determination. The majority opinion errs because the hearing officer’s statement that Ganter “knew or should have known” of Schetina’s misconduct by reason of Ganter’s failure to personally provide required supervision is seemingly predicated on argument by the Department’s counsel rather than specific evidence and findings of fact so identified in the recommended order; and the Department has never made a ruling on the sufficiency of the record evidence to support this statement as a finding of fact (the Department characterized it as a conclusion of law and refused to treat it as a finding of fact as the majority opinion does). Moreover, the administrative complaint does not charge either negligent supervision or that Ganter, by reason of acts of personal misconduct, “knew or should have known” of Schetina’s wrongful acts; it alleges only that Ganter is strictly liable as a matter of law for his employee’s misconduct. Affirming Ganter’s guilt on this legal and factual basis not alleged in the administrative complaint and not relied on by the Department’s final order is manifest error for obvious due process reasons.
For these reasons, I would reverse the final order and remand for further proceedings consistent with this opinion.

. I also believe that 1990 amendments to section 626.734 are applicable to this case because that version of the statute was in effect when the hearing officer’s recommended order and the Department's final order were entered. But we need not be concerned with such retroactive application of the 1990 amendment to this case, since that amendment merely codified what has been the law under prior court decisions.

. The complaint charges the following statutory violations in the first count, and references the same statutory violations in each of the remaining counts:
IT IS THEREFORE CHARGED that you, JOHN W. GANTER, have violated or are accountable under the following provisions of the Florida Insurance Code, which constitute grounds for the suspension or revocation of your license and registrations as an insurance agent in this state:
(a) All premiums, return premiums, or other funds belonging to insurers or others received by an agent, solicitor, or adjuster in transactions under his license shall be trust funds so received by the licensee in a fiduciary capacity; and the licensee in the applicable regular course of business shall account for and pay the same to the insurer, insured, or other person entitled thereto. [Section 626.-561(1), Florida Statutes]
(b) Willful misrepresentation of any insurance policy or annuity contract or willful deception with regard to any such policy or contract, done either in person or by any form of dissemination of information or advertising. [Section 626.611(5), Florida Statutes]
(c) Demonstrated lack of fitness or trustworthiness to engage in the business of insurance. [Section 626.611(7), Florida Statutes]
(d) Fraudulent or dishonest practices in the conduct of business under the license or permit. [Section 626.611(9), Florida Statutes]
(e) Misappropriation, conversion, or unlawful withholding of moneys belonging to insurers or insureds or beneficiaries or to others and received in conduct of business under the license. [Section 626.611(10), Florida Statutes]
(f) Willful failure to comply with, or willful violation of, any proper order or rule of the department or willful violation of any provision of this code. [Section 626.611(13), Florida Statutes]
(g) Violation of any provision of this code or of any other law applicable to the business of insurance in the course of dealing under the license or permit. [Section 626.621(2), Florida Statutes]
(h) In the conduct of business under the license or permit, engaging in unfair methods of competition or in unfair or deceptive acts or practices, as prohibited under part X of this chapter, or having otherwise shown himself to be a source of injury or loss to the public or detrimental to the public interest. [Section 626.621(6), Florida Statutes]
(i) No person shall engage in this state in any trade practice which is defined in this part as, or determined pursuant to 626.9561 to be, an unfair method or competition or an unfair or deceptive act or practice involving the business of insurance. Any person who violates any provision of this part shall be subject to the penalties provided in 627.381. [Section 626.9521, Florida Statutes]
(j) Made false or fraudulent statements or representation on, or relative to, an application for an insurance policy for the purpose of obtaining a fee, commission, money or other benefit from any insurer, agent, broker or individual. [Section 626.9541(l)(k)l., Florida Statutes]
(k) Knowingly collecting any sum as a premium or charge for insurance, which is not then provided, or is not in due course to be provided, subject to acceptance of the risk by the insurer, by an insurance policy issued by an insurer as permitted by this code. [Section 626.9541(l)(o), Florida Statutes]