928 So.2d 411 (2006)
Bradley W. BESHORE, Appellant,
v.
DEPARTMENT OF FINANCIAL SERVICES, Appellee.
No. 1D05-2730.
District Court of Appeal of Florida, First District.
April 13, 2006.
Rehearing Denied May 17, 2006.
*412 E. David Prescott and Maggie L. Schultz of Rutledge, Ecenia, Purnell & Hoffman, P.A., Tallahassee, Attorneys for Appellant.
Ben F. Wilkinson, Steven M. Malono and Breck J. Brannen of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, Attorneys for Amicus Curiae Florida Association of Insurance Agents.
Philip M. Payne and David J. Busch, Division of Legal Services, Tallahassee, Attorneys for Appellee.
PER CURIAM.
This is a timely appeal from a final order of the Department of Financial Services ("DFS") revoking Appellant's insurance agent's license for various statutory violations. Appellant raised several issues on appeal, all of which are without merit. We write to express our agreement with DFS's interpretation and application of section 626.901(1), Florida Statutes (2003). All other issues are affirmed without further discussion.
Appellant was charged by administrative complaint with several statutory violations for representing Meridian Benefit, Inc. ("MBI") and selling MBI plans to employer clients. Appellant believed that the MBI plan was a self-funded Employee Retirement Income Security Act ("ERISA") benefit plan with stop-loss coverage. DFS found that MBI was not authorized to transact insurance business in Florida and that Appellant had the burden of establishing that the MBI plan was ERISA-qualified and exempt from state regulation. Appellant failed to meet this burden. DFS found that Appellant violated section 626.901(1) by representing the MBI plan to his clients.
Section 626.901(1), Florida Statutes (2003), states:
No person shall, from offices or by personnel or facilities located in this state, or in any other state or country, directly or indirectly act as agent for, or otherwise represent or aid on behalf of another, any insurer not then authorized to transact such insurance in this state. . . .
One of the first rules of statutory construction is that the plain meaning of the statute is controlling. Jackson County Hosp. Corp. v. Aldrich, 835 So.2d 318, 329 (Fla. 1st DCA 2002). If the language is clear and unambiguous, there is no need to engage in statutory construction. Id. The language of the statute clearly imposes an absolute bar against representing an unauthorized insurer.
Moreover, the supreme court has held that where the legislature has used a term in one section of a statute but omitted the term in another section, the court will not read the term into the sections where it was omitted. Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d *413 911, 914 (Fla.1995). The legislature's use of different terms in different sections of the same statute is strong evidence that different meanings were intended. Maddox v. State, 923 So.2d 442, 446 (Fla.2006). Section 626.901(2), Florida Statutes (2003), states:
If an unauthorized insurer fails to pay in full or in part any claim or loss within the provisions of any insurance contract which is entered into in violation of this section, any person who knew or reasonably should have known that such contract was entered into in violation of this section and who solicited, negotiated, took application for, or effectuated such insurance contract is liable to the insured for the full amount of the claim or loss not paid.
(emphasis added). The fact that the very next section of the statute contains a knowledge element indicates that the legislature intended to impose different knowledge requirements in each section. Moreover, an administrative agency's interpretation of its own laws is entitled to deference. See Public Employees Relations Comm'n v. Dade County Police Benevolent Ass'n, 467 So.2d 987 (Fla.1985).
Appellant relies on Ganter v. Department of Insurance, 620 So.2d 202 (Fla. 1st DCA 1993), to argue that there is precedent for reading a knowledge element into a statute. However, Ganter is distinguishable from the instant case. In Ganter, the appellant's license was suspended based on the actions of an employee. This court recognized the principle "that one's license to engage in an occupation is not to be taken away except for misconduct personal to the licensee." Id. at 205 (citing Pic N' Save Central Fla. v. Dep't of Bus. Regulation, Div. of Alcoholic Beverages and Tobacco, 601 So.2d 245, 250 (Fla. 1st DCA 1992)). Based on that principle, this court found that an employer had to have knowledge of an employee's actions before an employer's license could be suspended based on the employee's actions, even though a knowledge requirement was not in the statute. Id. In the instant case, Appellant is not being sanctioned for the actions of an employee. DFS revoked his license because Appellant directly represented an unauthorized insurer. Thus, there would be no need to read a knowledge element into section 626.901(1) to preserve the principle that misconduct must be personal to the licensee.
We also note that even in some criminal matters, scienter is not always a requirement. See, e.g., Huff v. State, 646 So.2d 742 (Fla. 2d DCA 1994) (holding that scienter was not an element of a statute prohibiting the unauthorized sale of securities); Love v. State, 584 So.2d 645 (Fla. 3d DCA 1991) (holding that scienter was not an element of a statute prohibiting the possession of gambling devices). Appellant and the Florida Association of Insurance Agents both argue policy reasons why section 626.901(1) should not be a strict liability statute. However, "[t]his court is without power to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power." Am. Bankers Life Assurance Co. of Fla. v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968).
Appellant argues that it was error to require him to prove that the MBI plan was ERISA qualified. In revocation proceedings, DFS has the burden of proving all of its allegations by clear and convincing evidence. Dep't of Banking & Fin. v. Osborne Stern & Co., 670 So.2d 932, 933 (Fla.1996). However, the administrative complaint never alleged that the MBI plan was or was not ERISA qualified, therefore, DFS was not required to address *414 the issue of ERISA in its case-in-chief. As a general rule, the burden of proof is on the party asserting the affirmative of an issue. Espinoza v. Dep't of Bus. & Prof'l Regulation, 739 So.2d 1250, 1251 (Fla. 3d DCA 1999). Contrary to Appellant's argument, DFS never asserted in the affirmative that the MBI plan was ERISA qualified. Appellant was required to assert ERISA preemption as an affirmative defense and it was his burden to establish preemption. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (holding that federal preemption is ordinarily a federal defense). Therefore, the administrative law judge did not err in finding that it was Appellant's burden to prove that the MBI plan was ERISA qualified.
Because DFS correctly interpreted and applied section 626.901(1), we affirm the revocation of Appellant's license.
AFFIRMED.
BARFIELD, BROWNING and THOMAS, JJ., concur.