979 So.2d 407 (2008)
Gary GUCKENBERGER, Appellant,
v.
SEMINOLE COUNTY and Johns Eastern Co., Inc., Appellees.
No. 1D07-3484.
District Court of Appeal of Florida, First District.
April 23, 2008.
*408 Todd J. Sanders, of Bichler & Kelley, P.A., Winter Park, for Appellant.
Barbara A. Eagan, of Broussard, Cullen, Degailler & Eagan, P.A., Orlando, for Appellees.
PER CURIAM.
Appellant Gary Guckenberger, the claimant below, challenges the Judge of Compensation Claims' (JCC) Order Awarding Costs to Employer/Servicing Agent, which awarded Seminole County and Johns Eastern Company, Inc., the employer and servicing agent (E/SA) respectively, $5,561.81 in costs. We affirm the order.
Appellant first asserts that the JCC was without jurisdiction to decide the E/SA's motion for costs, because the JCC did not reserve jurisdiction in the final compensation order. Appellant correctly recites that the JCC has limited jurisdiction. The Judges of Compensation Claims are "vested only with certain limited quasi-judicial powers relating to the adjudication of claims for compensation and benefits." Smith v. Piezo Tech. & Prof'l Adm'rs, 427 So.2d 182, 184 (Fla.1983). Indeed, "[u]nlike a court of general jurisdiction, a judge of compensation claims does not have inherent judicial power but only the power expressly conferred by chapter 440." Pace v. Miami-Dade County Sch. Bd., 868 So.2d 1286, 1287 (Fla. 1st DCA 2004) (citing McFadden v. Hardrives Constr., Inc., 573 So.2d 1057, 1059 (Fla. 1st DCA 1991)). Thus, "[a] JCC has no authority or jurisdiction beyond what is specifically conferred by statute." Id. (citing Farhangi v. Dunkin Donuts, 728 So.2d 772, 773 (Fla. 1st DCA 1999)).
However, Chapter 440, Florida Statutes, does expressly confer on the Judges of Compensation Claims jurisdiction to award costs to the prevailing party in any workers' compensation proceeding. Subsection 440.34(3) states, "[i]f any party should prevail in any proceedings before a judge of compensation claims or court, there shall be taxed against the nonprevailing party the reasonable costs of such proceedings, not to include attorney's fees." See § 440.34(3), Fla. Stat. (2005).
Appellant contends that although the JCC initially had jurisdiction to award costs, he relinquished jurisdiction when he resolved the petition for benefits and did not reserve jurisdiction. Nonetheless, Florida courts have noted,
Costs are statutory allowances recoverable by the successful party as an incident to the main adjudication. They are *409 neither part of the damages claimed nor a penalty and need not be specially pleaded or claimed. The amount of costs does not affect the jurisdiction of the court. Unlike the substantive issues in a lawsuit, we know of no rule which precludes a court from later entertaining a motion to tax costs even though it has not reserved jurisdiction to do so.
Golub v. Golub, 336 So.2d 693, 694 (Fla. 2d DCA 1976) (citations omitted). Similarly, we hold the JCC had jurisdiction to decide the E/SA's motion for costs.
Alternatively, appellant asserts that the JCC's award of costs to the E/SA taxed against the appellant, where appellant's petition for benefits was not fraudulent or frivolous, is against public policy. However, we note that section 440.34(3) is clear on its face that the JCC may tax the costs of the proceedings "against the nonprevailing party." See § 440.34(3), Fla. Stat. (2005) (emphasis added). The statute does not distinguish between the claimant and the employer. Indeed, if the legislature had intended that only the claimant be awarded costs, it could have written the statute to reflect that intent. For example, section 440.34(5), Florida Statutes (2005), limits the JCC to award attorney's fees only to the claimant. See e.g. § 440.34(5), Fla. Stat. (2005) ("If any proceedings are had for review of any claim, award, or compensation order before any court, the court may award the injured employee or dependent an attorney's fee to be paid by the employer or carrier. . . ."); see also NCR Corp. v. Sonitrol Corp., 626 So.2d 1073 (Fla. 1st DCA 1993) (holding that no statutory authority existed for award of attorney fees to employer and carrier). We have held that "[t]he legislature's use of different terms in different sections of the same statute is strong evidence that different meanings were intended." Beshore v. Dep't of Fin. Servs., 928 So.2d 411, 413 (Fla. 1st DCA 2006). Thus, we reject appellant's public policy argument as one more appropriate for the legislature. Cf. Thorkelson v. N.Y. Pizza & Pasta Inc., 956 So.2d 542, 544-45 (Fla. 1st DCA 2007) (noting that the "policy implications" of the Legislature's definition of misconduct in section 440.02(18), Florida Statutes, "are for the Legislature, not the courts.").
Therefore, we affirm the JCC's order below awarding costs to the E/SA, to be taxed against appellant.
AFFIRMED.
BARFIELD, POLSTON, and ROBERTS, JJ., concur.