IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHN O'CONNOR,

      Appellant,

v.

INDIAN RIVER COUNTY
FIRE RESCUE/JOHNS
EASTERN COMPANY, INC.,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4986

Opinion filed August 2, 2016.

An appeal from an order of the Judge of Compensation Claims.
Robert L. Dietz, Judge.

Date of Accident: January 10, 2015.

Michael J. Winer of the Law Office of Michael J. Winer, P.A., Tampa, and Geoffrey Bichler of Bichler, Kelley, Oliver, Longo & Fox, PLLC, Maitland, for Appellant.

William H. Rogner of Hurley, Rogner, Miller, Cox, & Waranch, P.A., Winter Park, for Appellees.

**ON MOTION FOR REHEARING AND REHEARING *EN BANC***

PER CURIAM.

We grant Appellant's motion for rehearing, withdraw our prior opinion of May 20, 2016, and substitute this opinion in its place. Appellant's motion for rehearing *en banc* is denied.

In this workers' compensation appeal, Appellant appeals an order of the judge of compensation claims (JCC) awarding costs to Appellees as the prevailing party pursuant to section 440.34(3), Florida Statutes (hereafter "the costs order"). We affirm the costs order because Appellant did not present any substantive argument for its reversal. We also admonish Appellant's counsel for their lack of candor concerning the order at issue in this appeal.

### *Factual Background*

Appellant requested that the JCC approve an attorney's fee retainer agreement whereby Appellant's union agreed to pay Appellant's attorney's fees to prosecute his workers' compensation exposure claim regardless of whether the attorneys were successful in obtaining any benefits. The JCC entered an order (hereafter "the fee order") denying the request, and Appellant's attorneys subsequently withdrew from representing Appellant. Appellant then dismissed his pending petition for benefits (PFB) and filed a petition for writ of certiorari in this court (Case No. 1D15-3562) challenging the fee order.

2

After Appellant dismissed his PFB, Appellees sought prevailing-party costs, which the JCC granted. While the petition for writ of certiorari was pending, Appellant appealed the costs order to this court. Instead of arguing for reversal of the costs order, however, Appellant's briefs included arguments only for reversal of the fee order.[1] Thereafter, we issued an order directing Appellant to show cause why sanctions should not be imposed because Appellant failed to inform the court that he had two pending proceedings in this court seeking review of the same interlocutory order.

*Discussion*

The fee order was interlocutory and, thus, not subject to review on appeal because it was not entered in the costs proceeding; rather, it was entered in the proceeding that culminated in Appellant voluntarily dismissing his PFBs.

Appellant relies on Jacobson v. S.E. Pers. Leasing, Inc., 113 So. 3d 1042 (Fla. 1st DCA 2013), for the position that the appeal of the costs order called up for review the interlocutory fee order entered prior to his dismissal of his PFB. Jacobson does

---

[1] The only argument Appellant directed to the costs order was in the conclusion to the reply brief in which Appellant asserted that the judgment was the "fruit" of a previous order addressing the retainer agreements discussed below. This assertion, however, did not address in any way the merits of the costs order. And, in any event, an argument cannot be raised for the first time in a reply brief. See Plichta v. Plichta, 899 So. 2d 1283, 1287 (Fla. 2d DCA 2006) ("[I]ssues raised on appeal for the first time in a reply brief are not properly before th[e] court and will not be considered.").

3

not support Appellant's position, however, because that case involved a critically different factual and procedural situation than exists here.

In Jacobson, the claimant lost his claim for benefits on the merits and the employer/carrier sought a costs judgment against him. The claimant then sought the JCC's approval of a retainer agreement that would allow him to pay with his own funds his attorney's fees for representing him in the costs proceeding. See 113 So. 3d at 1046-47. The JCC denied the request, claimant proceeded on his own, and appealed the subsequent costs judgment. Thus, appellate review of the interlocutory retainer order was proper in that case pursuant to Florida Rule of Appellate Procedure 9.110(h) because the costs judgment called up for review all interlocutory orders entered in the costs proceeding.

This case also differs from the situation in Miles v. City of Edgewater, 190 So. 3d 171 (Fla. 1st DCA 2016). There, after the JCC entered orders denying approval of fee retainer agreements similar to the ones in this case, the claimant's counsel withdrew and the claimant proceeded to a merits hearing *pro se*, and the JCC ultimately entered a final order denying the claimant's claim on the merits. The claimant subsequently appealed the final order and, in that appeal, she argued that the orders denying approval of the retainer agreement deprived her of various constitutional rights. See 190 So. 3d at 175-77. Thus, as in Jacobson, but unlike

4

here, the interlocutory retainer orders in <u>Miles</u> were entered in the proceeding that culminated in the final order that gave rise to the appeal.

Here, Appellant voluntarily dismissed his PFB, so there was no final order to appeal or which subsumed any interlocutory orders leading up to it. And it was this dismissal that entitled Appellees to prevailing-party costs, and the proceedings leading to the costs judgment were ancillary. <u>See</u> <u>Guckenberger v. Seminole Cty.</u>, 979 So. 2d 407, 408-09 (Fla. 1st DCA 2008) ("'Costs are statutory allowances recoverable by the successful party as an incident to the main adjudication. They are neither part of the damages claimed nor a penalty and need not be specially pleaded or claimed.'" (quoting <u>Golub v. Golub</u>, 336 So. 2d 693, 694 (Fla. 2d DCA 1976)). Thus, review of the fee order was limited to a petition for writ of certiorari, which Appellant did in fact file, but which was denied while this appeal was still pending.

The improper use of this appeal as a second chance to obtain review of the fee order is troublesome, but it was not only Appellant's attorneys' mistaken, albeit apparently good faith, belief that the fee order was reviewable in this appeal of the costs order that led this court to order counsel to show cause why sanctions should not be imposed. Rather, more concerning was counsel's failure to adequately apprise the court that Appellant had two pending proceedings in this court both challenging the same order despite having multiple opportunities to do so.

5

Specifically, trial counsel twice amended the notice of appeal, but in each version indicated only that Appellant was appealing the final order assessing *costs*. Nothing in the notices indicated that the real reason for this appeal was to challenge the earlier-entered fee order. Then, appellate counsel amended an earlier docketing statement to refer to the petition for certiorari filed on Appellant's behalf and to <u>Miles</u>, which was then also pending before this court (and in which Appellant's counsel here was also counsel of record). In this filing, counsel simply stated that the cases "involve the exact same issues" and nothing more. Appellate counsel later moved to consolidate this case with Appellant's petition for certiorari and <u>Miles</u>, again asserting a commonality of issues. In no place did appellate counsel indicate that Appellant was not actually challenging the costs order on appeal. Review of the petition at that juncture would have revealed only that there was a pending challenge to the fee order which, from all appearances, was unrelated to the costs order that was purportedly the subject of the appeal in this case. If this appeal was in fact challenging the same order being reviewed via the petition, trial or appellate counsel should have sought consolidation at the onset of the appeal and explained why consolidation would have been appropriate.

This court did not become aware of the true focus of this appeal until the initial brief was filed. The brief ignored the costs order altogether and instead challenged only the fee order, setting forth the same general arguments that Appellant's counsel

had made in <u>Miles</u>. Thus, Appellant's appellate counsel attempted to use this costs order appeal to obtain a second presentation of his argument concerning the fee order and, at every opportunity Appellant's counsel had prior to filing the initial brief, they failed to make it clear to this court that the appeal solely involved the fee order.

In response to the show cause order, appellate counsel indicated that nothing in the rules required counsel to indicate in the notice of appeal that Appellant was actually appealing the fee order, not the costs order. Rather, counsel believed that the notice of appeal included an earlier interlocutory order, and that the order at issue did not need to be described because no "benefits" as such were at issue. <u>See</u> Fla. R. App. P. 9.180(b)(4) (requiring the notice of appeal to include a "brief summary of the type of benefits affected"). However, in the response to the show cause order and again in the motion for rehearing, counsel recognized that although the rule may not require listing any interlocutory order being challenged, under the facts here, the better practice would have been to make it clear in the notice of appeal that the order being challenged was the fee order and to move to consolidate at the outset with the request making it clear that the only order actually being challenged was the fee order which, in turn, involved the same issues as those raised in the petition and in <u>Miles</u>. We accept counsel's contrition.

In our original opinion in this case, we sanctioned Appellant's counsel for their lack of candor by requiring them to pay the fees incurred by Appellees in this

appeal. Upon reconsideration, however, we determine that the admonishment in this opinion is a sufficient sanction.

### *Conclusion*

Based on the foregoing, the costs order is AFFIRMED.

WETHERELL, ROWE, and OSTERHAUS, JJ., CONCUR.