PER CURIAM.
These disciplinary proceedings are before us on complaints of The Florida Bar, reports of the referee, and petitions for review filed by John Peter Kirtz, Jr.

Case No. 61,386

The referee recommends that Kirtz be found guilty of all three counts of misconduct charged in the complaint. As to Count 1, the referee finds that a clearly excessive fee was charged and collected by Kirtz from his client, Otis Jones, in violation of Florida Bar Code of Professional Responsibility, Disciplinary Rule 2-106(A). We agree with the referee’s finding. This is not a fee dispute matter. Kirtz conceded that he had overcharged his client. In response to Kirtz’s claim that the overcharge was due to a bookkeeping error, the referee stated:
Respondent knew, or should have known, that the charge was excessive and cannot now use poor bookkeeping on his part to excuse himself from the consequences of his act. Even though it may be concluded that the overcharge was not intentional, yet the obligation of the lawyer is to keep his books of account in such order as not to make a careless mistake to the detriment of his client. The fact that Respondent did not ever tender the overcharge to Jones even after the complaint was filed with the Grievance Committee belies his now taken position that he made an honest mistake.'
*577 As to Count 2, the referee found that Kirtz knowingly communicated directly with an adverse party without consent of the party’s lawyer, in violation of Florida Bar Code of Professional Responsibility, Disciplinary Rule 7 — 104(A)(1). The record supports this finding; and we approve it.
As to Count 3, the referee found that Kirtz neglected a legal matter entrusted to him, in violation of Florida Bar Code of Professional Responsibility, Disciplinary Rule 6-101(A)(3). Kirtz accepted a fee from C.L. Taylor for representation of his former wife and failed to pursue the matter. The referee also found that Kirtz engaged in conduct adversely reflecting on his fitness to practice law, in violation of Florida Bar Code of Professional Responsibility, Disciplinary Rule 1-102(A)(6). The record supports these findings, and we approve them.
As the appropriate disciplinary measure for this cumulative misconduct, the referee recommends that Kirtz be suspended from the practice of law for four months and until proof of rehabilitation and restitution to Otis Jones of the excessive fee of $968.98, plus interest thereon from October 4, 1979, at the annual rate of 8 percent, and repayment to C.L. Taylor, or his nominee, of the fee collected by him in the amount of $150 from Taylor for representation of his former wife, plus interest at 8 percent per annum from September 14, 1978.
We agree with the discipline recommended by the referee. John Peter Kirtz, Jr., is hereby suspended from the practice of law in this state for four months and thereafter until he proves rehabilitation and makes restitution to Otis Jones and C.L. Taylor or his nominee. Respondent shall pay the costs of these proceedings. This suspension shall be effective March 12, 1984, thereby giving respondent thirty days to close his practice and to take the necessary steps to protect his clients.

Case No. 61,942

The referee finds that Kirtz suggested to a client in a workers’ compensation case that he go out and strain his back so as to exaggerate his condition for the purpose of securing more compensation from his employer. The referee finds that by doing this, Kirtz engaged in conduct involving dishonesty, fraud, and deceit, which adversely reflects on his fitness to practice law and violated Florida Bar Code of Professional Responsibility, Disciplinary Rules 1 — 102(A)(4) and (6) and 7-102(A)(6) and (7). We approve this finding.
As the appropriate disciplinary measure, the referee recommends that Kirtz be suspended from the practice of law for four months and thereafter until he proves rehabilitation. The referee further recommends that this four-month suspension run concurrently with the four-month suspension recommended in Case No. 61,368. We agree with this recommended discipline.
Accordingly, Kirtz is hereby suspended from the practice of law in this state for four months and until he proves his rehabilitation. This suspension will run concurrently with the suspension ordered in Case No. 61,386.
Kirtz shall pay the costs of the proceedings in Case No. 61,386 and Case No. 61,-942 in the amount of $4,153.32.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVER-TON, EHRLICH and SHAW, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion with which ADKINS, J., concurs.