552 So.2d 970 (1989)
Marlene WATSON and Larry K. Keys, Appellants,
v.
STATE of Florida, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY and George C. Winn, P.A., Appellees.
No. 89-813.
District Court of Appeal of Florida, First District.
November 14, 1989.
Michael C. Addison of Addison, Ketchey & Horan, P.A., Tampa, for appellants.
Mike Piscitelli of Stagg, Hardy & Yerrid, P.A., Tampa, for appellees.
PER CURIAM.
AFFIRMED.
BOOTH and NIMMONS, JJ., concur.
ZEHMER, J., specially concurs with written opinion.
ZEHMER, Judge (specially concurring).
I fully concur in affirmance of this workers' compensation order dividing an attorneys' fee award between the original firm representing the claimant and claimant's successor attorney, but I do so for reasons that differ somewhat from the contentions made in the parties' briefs. This appeal borders on being frivolous, but an explanation of the reasons for my decision may be helpful to understanding the function of the lower tribunal in this dispute.
While Larry Keys was employed as an associate attorney with George Winn's law firm, the claimant employed the firm to represent her in this matter. Keys, along with Winn, undertook to work on the case for claimant. Keys withdrew from Winn's firm before the matter was concluded and claimant retained Keys as her counsel. Keys filed a notice of substitution of counsel for Winn's firm and personally appeared as counsel for claimant. Thereafter, he handled the claim through consummation of a settlement with the employer and carrier. That settlement provided for the award of a $2,250 fee to claimant's attorneys. A dispute arose between Keys and Winn concerning division and distribution of the agreed fee. Basically, these two attorneys requested the judge below to resolve their dispute by determining the value of each individual attorney's work on the case and Keys's right to collect any part of the fee in view of his alleged unlawful solicitation of claimant as a client. Winn refers to a pending circuit court action he brought charging Keys with unlawful solicitation of his clients, but we have denied the motion to take judicial notice of that proceeding and to supplement this record with documents from that lawsuit as being irrelevant to the issues properly before the judge below.
The judge awarded Winn $1400 for services performed by his firm before Keys appeared as substituted counsel and awarded Keys $850 for services after his appearance. This division of the stipulated fee is supported by competent substantial evidence and is affirmed. I write only to point out that the judge of compensation claims is not given power by chapter 440 to resolve disputes between attorneys concerning how fees awarded jointly to them shall be apportioned between them and that *971 such disputes can be resolved only in the circuit court.
The judge below had the power only to recognize the substitution of Keys for Winn's firm as claimant's counsel and to determine an appropriate apportionment between the services performed before and after that substitution based on the services rendered during the respective periods of representation. The judge did not have authority to resolve the dispute between Keys and Winn over the amount of work Keys performed while an associate with Winn and the proper division of the fee earned during that period, as that is a matter of agreement between the two lawyers that should be enforced in a contract action in a court of general jurisdiction. Similarly, whether Keys is entitled to keep the entire $850 awarded to him for services after his withdrawal from Winn's firm is a matter of contractual or tort obligations that must be resolved by a court of general jurisdiction. It is perfectly clear, therefore, that the judge below decided all the issues that he was empowered to decide. Unlike a court of general jurisdiction, a judge of compensation claims does not have inherent judicial power but only the power expressly conferred by chapter 440. As the judge below was not authorized by statute to decide the issues that each attorney tried to raise before him and before this court on appeal, there is no basis for reversal on the grounds argued by the parties.