573 So.2d 1057 (1991)
J.W. McFADDEN, Appellant,
v.
HARDRIVES CONSTRUCTION, INC., and American International and Laurence F. Leavy, P.A., Appellees.
No. 90-955.
District Court of Appeal of Florida, First District.
February 6, 1991.
Rehearings Denied February 6, 1991.
Gary Marks, Fort Lauderdale, for appellant.
Mal Steinberg, Fort Lauderdale, and Laurence F. Leavy, North Miami Beach, for appellees.

ON MOTION FOR CLARIFICATION

[Original opinion at 15 F.L.W. D3034]
SHIVERS, Chief Judge.
We grant appellant's motion for clarification, and substitute the following for the original opinion:
The claimant in this workers' compensation case appeals an order directing him to *1058 pay Laurence Leavy's attorney's fees. We reverse the order for the reasons set out below.
The record indicates that the claimant was injured in a compensable accident occurring on October 1, 1985. As a result of his accident, he filed both a workers' compensation claim and a third party liability claim. In the workers' compensation claim, claimant was represented by attorney Mark Marks, and Marks' associate, Lawrence Leavy. The liability claim was handled solely by attorney Marks. On June 1, 1987, Leavy left the Marks firm and, on July 19, 1987, filed a notice of appearance as co-counsel with Marks in the workers' compensation claim. At some point subsequent to that date, a dispute apparently arose between Marks and Leavy. On May 4, 1988, Marks filed a notice of appearance as sole counsel in the workers' compensation claim. He then negotiated a washout settlement of the claim, and set the settlement for hearing on June 14, 1988.
Prior to the settlement hearing, Leavy filed a notice of objection to the washout, a motion to quash washout, notice of lien, and motion for attorney's fees. He alleged in the motions that the washout was negotiated by Marks without his knowledge or consent and was scheduled for hearing at a time when Leavy could not attend. He also alleged that he had spent 31.7 hours on the workers' compensation case, and was entitled to a fee of $4,755. Consequently, Leavy asked the judge of compensation claims (JCC) to: (1) determine who claimant's counsel was, and (2) quash the washout pending resolution of Leavy's motion for attorney's fees. The washout was approved by JCC Seppi on June 14, 1988, the terms of the settlement being that the claimant would waive his right to future compensation in return for a reduction of the E/C's lien in the third-party liability case from $65,000 to $5,222.89. No attorney's fee was requested or awarded under the terms of settlement. The JCC also ordered that $10,000 of the money received by claimant in the third-party action be placed into escrow pending adjudication of Leavy's motion for attorney's fees.
On February 20, 1990, JCC Lewis (who had been substituted for Seppi) conducted a hearing on Leavy's claim for attorney's fees and costs. After considering the testimony presented, the JCC entered an order granting Leavy an attorney's fee of $6,000, and finding that the claimant had hired Leavy on July 19, 1987 to serve as sole counsel in his workers' compensation case. We reverse the order in its entirety, finding the JCC to have been without authority to determine the issues raised at the February 20, 1990 hearing.
In Watson v. State, Department of Labor and Employment Security, 552 So.2d 970 (Fla. 1st DCA 1989), a workers' compensation claimant hired two attorneys (Keys and Winn) to handle her claim while Keys was employed as an associate with Winn's law firm. When Keys left Winn's firm, claimant hired him as her counsel, and Keys filed a notice of appearance. Keys handled the claimant's settlement, which included an award of $2,250 in attorney's fees to claimant's attorney. Keys and Winn disputed the division of the fee, and asked the JCC to resolve the dispute by determining the value of each attorney's work, as well as Keys' right to collect any fee (based on alleged unlawful solicitation of the claimant). The JCC awarded $1,400 to Winn and $850 to Keys. This court affirmed the award in a per curiam decision. Judge Zehmer, however, wrote the following in a special concurring opinion:
The judge below had the power only to recognize the substitution of Keys for Winn's firm as claimant's counsel and to determine an appropriate apportionment between the services performed before and after that substitution based on the services rendered during the respective periods of representation. The judge did not have authority to resolve the dispute between Keys and Winn over the amount of work Keys performed while an associate with Winn and the proper division of the fee earned during that period, as that is a matter of agreement between the two lawyers that should be enforced in a contract action in a court of general jurisdiction. Similarly, whether Keys is entitled to keep the entire $850 awarded to *1059 him for services after his withdrawal from Winn's firm is a matter of contractual or tort obligations that must be resolved by a court of general jurisdiction. It is perfectly clear, therefore, that the judge below decided all the issues that he was empowered to decide. Unlike a court of general jurisdiction, a judge of compensation claims does not have inherent judicial power but only the power expressly conferred by chapter 440. As the judge below was not authorized by statute to decide the issues that each attorney tried to raise before him and before this court on appeal, there is no basis for reversal on the grounds argued by the parties.
552 So.2d at 971.
It is undisputed that the instant case does not involve either a claim against the E/C for attorney's fees or, as in Watson, a simple apportionment of a fee between two attorneys who each worked on the case for a specific clearly identified period of time. Rather, Leavy's claim for attorney's fees raised questions of which attorney actually represented the claimant after Leavy left Marks' firm, whether the claimant hired Leavy to represent her in the workers' compensation case after he left Marks' firm (which in turn involved the examination of a retainer agreement, which Leavy claimed was executed by the claimant, but which the claimant states he neither signed nor had knowledge of), whether, assuming that the claimant did retain Leavy, Leavy acted as sole counsel in the workers' compensation case or as co-counsel with Marks, whether Leavy was wrongfully discharged by the claimant, and whether Leavy had a basis for claiming an attorney's fee in light of the fact that the settlement agreement negotiated by Marks provided that there would be no fee. As in Watson, the instant case involved matters of agreement between Leavy and claimant and between Leavy and Marks which should have been enforced and decided in a contract or tort action in a court of general jurisdiction, and not by a JCC in the workers' compensation forum. Accordingly, the JCC's order directing claimant to pay Leavy's attorney's fees is hereby REVERSED.
BOOTH and ALLEN, JJ., concur.