JOANOS, Chief Judge.
General Kinetics and Travelers Insurance Company have appealed an order of *1332 the judge of compensation claims awarding counsel for appellee Charles Butts an attorney’s fee in excess of the fee resulting from application of the statutory formula set forth in section 440.34(1), Florida Statutes. We reverse, and remand for entry of an order which reflects analysis of the statutory factors pertaining to departure from the formula fee.
During the four years in which he represented Butts, his attorney obtained benefits totalling $10,112. Appellants conceded that Butts was entitled to bad faith attorney’s fees, and the parties agreed that the amount would be determined by affidavit. Application of the statutory formula to the $10,112 in benefits obtained by Butts’ counsel results in a fee of $2266.80 (25% of the first $5000 in benefits secured, 20% of the second $5000, and 15% of the remainder). Appellee’s fee petition sought a total fee of $24,240 ($150 per hour for 161.6 hours); two supporting affidavits averred that fees of $24,000 and $24,420 were warranted. Appellants filed a single affidavit in opposition, suggesting a fee of $12,500.
Section 440.34(l)(a)-(h) sets forth the factors to be considered by the judge in increasing or decreasing the statutory fee:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(b) The likelihood, if apparent to the claimant, that the acceptance of the particular employment will preclude employment of the lawyer by others or cause antagonisms with other clients.
(c) The fee customarily charged in the locality for similar legal services.
(d) The amount involved in the controversy and the benefits resulting to the claimant.
(e) The time limitation imposed by the claimant or the circumstances.
(f) The nature and length of the professional relationship with the claimant.
(g) The experience, reputation, and ability of the lawyer or lawyers performing services.
(h)The contingency or certainty of a fee.
In his order awarding a $24,000 fee, the judge listed these factors individually and stated that he had considered them, but did not analyze the factors with respect to the facts of the case.
The requirement that the judge consider the factors set forth in section 440.34(l)(a)~ (h) “requires analysis of each factor to determine whether, when considered as a whole, the overall effect of these factors demonstrably justifies an increase or decrease in the formula fee.” Marsh v. Benedetto, 566 So.2d 324, 325 (Fla. 1st DCA 1990). The order appealed does not include such an analysis. Therefore, we cannot determine that the $24,000 fee, which is more than ten times that resulting from application of the statutory formula, was justified. We reverse, and remand for entry of an order which reflects an analysis of the statutory factors in terms of the specific circumstances of this case.
Reversed and remanded with directions.
BOOTH and WOLF, JJ., concur.