PER CURIAM.
Appellants, the law firm of Levine, Busch, Schnepper & Stein, P.A., and its former client, claimant Emil Klutsch (collectively, Levine, Busch), appeal a final workers’ compensation order directing appellees, Winn Dixie Stores, Inc., the employer, and Crawford & Company, the carrier (collectively, the E/C), to pay them attorney’s fees pursuant to section 440.34, Florida Statutes (1989). Levine, Busch contends that the judge of compensation claims (JCC) erred in reducing the statutory fee without adequate explanation, and in allowing the E/C to introduce evidence of settlement negotiations. Because the JCC’s order lacks sufficient findings to enable us to discern the reasons for the fee award, and because the JCC erroneously admitted irrelevant settlement negotiation evidence, we reverse and remand.
Levine, Busch represented Klutsch in his workers’ compensation case from March 1991 through December 1993, when the law firm of Jack J. Weiss & Associates (Weiss) took over claimant’s representation. Nine months later, the JCC awarded Klutsch permanent, total disability (PTD) benefits, whereupon Levine, Busch sought satisfaction of its attorney’s fee lien.
Levine, Busch asserted that the total value of Klutsch’s PTD and varying indemnity and medical benefits was approximately $350,000, and asked for the resulting statutory fee of $53,250. At the hearing, however, Barry Stein of Levine, Busch testified that his firm worked for 33 of the 42 months required to obtain the PTD benefits, or 78 percent of the total time, and that his firm was now requesting only 78 percent of $53,250, or $41,-535.
The E/C introduced correspondence between Barry Stein and various attorneys at the Weiss firm, over Stem’s repeated objection that these letters constituted inadmissible settlement negotiations. In the letters, Stein and Weiss attorneys Peter Capua and Carl Bowen acknowledged that the carrier intended to pay Weiss $35,000 for attorney’s fees, and that Stein had agreed that Levine, Busch would receive $6,250 from that amount, and would retain $6,500 from monies Levine, Busch held in trust for claimant, along with $1,250 in costs. The E/C also introduced a stipulation approved by the JCC, dated after the final letter between Stein and the Weiss attorneys, in which Weiss and the E/C agreed that the E/C would pay $40,000 to Weiss for attorney’s fees and costs, and that Weiss would be responsible for paying any prior attorney’s fee liens. Contrary to this agreement, Weiss never paid Levine, Busch.
The JCC found that the E/C’s ultimate acceptance of claimant as permanently and totally disabled occurred as a result of Levine, Busch’s work, and although the firm was discharged before this acceptance, it was entitled to a fee. The JCC concluded that the value of the PTD and other benefits obtained was $350,000, and that a statutory fee would therefore be $53,250. In determining a reasonable amount for the fee, the JCC considered the fees customarily charged in the locality, and the nature and length of Levine, Busch’s professional relationship with the claimant, but he did not make specific findings relating to these factors in the order. The JCC then found that these factors, combined with the fact that the E/C had already paid the Weiss firm $40,000, led him to conclude that a reasonable fee for Levine, Bush would be $15,000, plus $803.29 costs. “This is based upon the affidavit of hours expended of 136.7 and the determination that the permanent total benefit was not achieved during the representation of that firm but by the firm of Jack J. Weiss and Associates, Inc.” The JCC directed the E/C to pay Levine, Busch $15,000, plus $803.29 in costs, and directed Weiss to reimburse the E/C *800 such sum, pursuant to the prior stipulation and order.
We cannot discern from either the record or the final order precisely how the statutory factors enumerated in section 440.34(1), combined with other facts in this case, justify the $15,000 award. The JCC should determine on remand the fee to which Levine, Busch is entitled, and articulate his specific findings in the final order. General Kinetics v. Butts, 586 So.2d 1331 (Fla. 1st DCA 1991). This analysis must include an evaluation of the number of hours all attorneys expended in obtaining claimant’s benefits, for the purpose of apportioning a reasonable amount to Levine, Busch.
The JCC was not authorized to consider or decide whether Weiss and Levine, Busch reached an agreement between themselves regarding attorney’s fees, as any such contractual agreement had no bearing on the E/C’s liability for fees. McFadden v. Hardrives Constr., Inc., 573 So.2d 1057 (Fla. 1st DCA 1991) (on motion for clarification); Watson v. Department of Labor & Employment Sec., 552 So.2d 970 (Fla. 1st DCA 1989) (Zehmer, J., specially concurring). The JCC thus erred in admitting letters between Barry Stein and the Weiss attorneys regarding settlement negotiations.
REVERSED and REMANDED with directions to the JCC to reconsider appellants’ petition for attorney’s fees in a manner consistent with this opinion.
BARFIELD, C.J., and ERVIN, J., concur.
BENTON, J., concurs in result.