729 So.2d 1014 (1999)
RUSTIC LODGE and Associated Industries Insurance Company, Inc., Appellants,
v.
Peter A. ESCOBAR, Appellee.
No. 98-2695.
District Court of Appeal of Florida, First District.
April 16, 1999.
Mary Ann Stiles and Rayford H. Taylor of Stiles, Taylor and Grace, P.A., Tallahassee, for Appellants.
William P. Levens, Tampa, for Appellee.
PER CURIAM.
We affirm the order of the judge of compensation claims (JCC), holding that section 440.09(4), Florida Statutes (Supp.1994), which bars the recovery of compensation benefits upon proof that a claimant engaged in certain prohibited activities, is substantive legislation and thus cannot be retroactively applied.
Claimant, Peter A. Escobar, was injured in an industrial accident on November 4, 1990. In 1994, knowing that Escobar was under investigation for submitting fraudulent requests for wage-loss benefits, the employer and carrier, Rustic Lodge and Associated Industries Insurance Company (respectively, the E/C), settled the indemnity portion of the case, preserving Escobar's entitlement to necessary medical benefits. On November 21, 1996, Escobar pled nolo contendere to workers' compensation fraud, perjury and grand theft, whereupon the circuit court withheld adjudication of guilt and sentenced him to 18 months' probation and 50 hours of community service.
Escobar filed petitions for medical benefits in 1996 and 1997. The E/C denied each, *1015 pursuant to section 440.09(4), which took effect January 1, 1994, and provides:
An employee shall not be entitled to compensation or benefits under this chapter if any administrative hearing officer, court, or jury convened in this state determines that the employee has knowingly or intentionally engaged in any of the acts described in s. 440.105 for the purpose of securing workers' compensation benefits.
Section 440.105(4)(b), Florida Statutes (Supp. 1994), provides, among other things, that it is unlawful for a claimant to knowingly make false, fraudulent or misleading statements for the purpose of obtaining benefits. The E/C contends that the above provision was procedural or remedial, because it simply redefined the procedure by which an E/C can seek a remedy for a claimant's fraudulent conduct, as previously outlined in section 440.37(2)(c), Florida Statutes (1989), which provided:
Any person damaged as a result of a violation of any provision of this subsection [dealing with misrepresentation and fraudulent activities], when there has been a criminal adjudication of guilt, shall have a cause of action to recover compensatory damages, plus all reasonable investigation and litigation expenses, including attorney's fees at the trial and appellate courts.
Contrary to the E/C's argument, section 440.37(2)(c) differed substantially and substantively from section 440.09(4). Under the former provision, an E/C was required to file a civil action, in which claimant could raise any pertinent defenses, to recover those benefits paid pursuant to the claimant's misrepresentations or fraudulent activity. In contrast, section 440.09(4) requires no civil proceeding, and mandates that a claimant forfeit all compensation or benefits once there has been a finding of knowing or intentional fraud, and does not limit a claimant's forfeiture to those benefits that may have been obtained by virtue of the claimant's unlawful conduct. Remedial statutes simply confer or change a remedy in furtherance of existing rights and do not deny a claimant his or her vested rights. St. John's Village I, Ltd. v. Department of State, Division of Corps., 497 So.2d 990 (Fla. 5th DCA 1986). If the JCC had applied section 440.09(4), Escobar might have lost his vested right to medical benefits for treatment necessitated by his industrial injury, even in the absence of fraud or misrepresentation relating to his 1996 and 1997 medical-benefit claims.[1]
AFFIRMED.
ERVIN, ALLEN and DAVIS, JJ., CONCUR.
NOTES
[1] The E/C did not pay Escobar any wage-loss benefits pursuant to his fraudulent requests.