782 So.2d 404 (2001)
RUSSELL CORPORATION and Gab Robins, Appellants,
v.
Thelma JACOBS, Appellee.
No. 1D00-0084.
District Court of Appeal of Florida, First District.
January 17, 2001.
*405 William K. Thames, II and J. Rod Cameron of Lozier, Thames & Frazier, P.A., Pensacola, for Appellants.
Millard L. Fretland of Shell, Fleming, Davis & Menge, Pensacola, for Appellee.
BROWNING, J.
Appellants appeal the Judge of Compensation Claims' holding that he lacked jurisdiction to apply the 1998 amendment to section 440.09(4), Florida Statutes, to the Appellee's Petition for Benefits, because the Petition for Benefits was filed before the effective date of the amendment. The 1998 amendment to section 440.09(4) Florida Statutes, expressly grants jurisdiction to the Judge of Compensation Claims to decide issues of fraud in the workers' compensation context. Appellants argue the amendment is procedural and should be retroactively applied. The Appellee contends the amendment is substantive and, thus, retroactive application is precluded. We agree with Appellants and reverse.
"Substantive law prescribes duties and rights, and procedural law concerns the means and methods to apply and enforce those duties and rights." Ace Disposal v. Holley, 668 So.2d 645, 646 (Fla. 1st DCA 1996), quoting Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994). A party's substantive rights under workers' compensation law are fixed at the time of the claimant's accident and injury. See Ace Disposal, 668 So.2d at 646; Paulk v. School Bd. of Palm Beach County, 615 So.2d 260, 261 (Fla. 1st DCA 1993). However, procedural or remedial enactments may apply without regard to the date of accident, because parties do not have a vested right in any particular procedure. See Ace Disposal, 668 So.2d at 646; Paulk, 615 So.2d at 261.
"If an amendment changes the amount of benefits a claimant may receive or impacts a claimant's entitlement to services, then it should be considered substantive." Ace Disposal, 668 So.2d at 646. "In contrast, if a statutory change does not alter vested substantive rights, then it applies retroactively." Id. "Remedial statutes simply confer or change a remedy in furtherance of existing rights and do not deny a claimant his or her vested rights." Rustic Lodge v. Escobar, 729 So.2d 1014, 1015 (Fla. 1st DCA 1999).
The amendment to section 440.09(4), Florida Statutes (Supp.1998), became effective on January 1, 1999, and provides:
An employee shall not be entitled to compensation or benefits under this chapter if any judge of compensation claims, administrative hearing officer, court, or jury convened in this state determines that the employee has knowingly or intentionally engaged in any of the acts described in s. 440.105 for the purpose of securing workers' compensation benefits.
Id. (emphasis added). The underlined text constitutes the only amendment to the 1994 version of the statute. Thus, the 1998 amendment to section 440.09(4) changes only one factor in the workers' compensation process: it adds the Judge of Compensation Claims as an entity authorized to determine whether a claimant "knowingly or intentionally engaged in any of the acts described in section 440.105, for the purpose of securing workers' compensation benefits." Id. The 1998 amendment does not alter duties or rights, change the amount of benefits a claimant could receive, impact a claimant's entitlement to services, nor alter the adjudicatory process by which benefits could be denied. The 1998 amendment differs from the 1994 amendment to the statute this court found substantive in Rustic Lodge because the *406 1998 amendment does not alter the adjudicatory process by which benefits may be denied. Accordingly, the 1998 amendment is not substantive. See Ace Disposal, 668 So.2d at 646; Rustic Lodge, 729 So.2d at 1015. The amendment is procedural because it addresses only the "means and methods to apply and enforce" the parties' existing duties and rights. See Ace Disposal, 668 So.2d at 646.
Because the amendment is procedural, the Judge of Compensation Claims erred by declining to apply the amendment to the Appellee's Petition for Benefits. Thus, we REVERSE and REMAND for the Judge of Compensation Claims to apply section 440.09(4), Florida Statutes (Supp. 1998), to the Appellee's Petition for Benefits in determining her entitlement to compensation.
BOOTH and KAHN, JJ., concur.