868 So.2d 1286 (2004)
Donna L. PACE and Philip J. Feldman, Appellants,
v.
MIAMI-DADE COUNTY SCHOOL Board and Gallagher Bassett Services, Inc., Appellees.
No. 1D03-1674.
District Court of Appeal of Florida, First District.
April 6, 2004.
*1287 Jay M. Levy, P.A., Miami, and John J. Feldman of Feldman & Getz, LLP, North Miami Beach, for Appellants.
Steven P. Kronenberg of Kelley, Kronenberg, Gilmartin, Fichtel & Wander, Miami Lakes, for Appellees.
PER CURIAM.
Appellants challenge an order of the JCC that denied their motion for entry of a final order, found appellant's attorney in violation of the Florida Rules of Professional Conduct, and sanctioned the attorney for such violations. We reverse all but the denial of the motion for entry of a final order.
A JCC has no jurisdiction to sanction an attorney for violations of the Florida Rules of Professional Conduct. A JCC is "vested only with certain limited quasi-judicial powers relating to the adjudication of claims for compensation and benefits." Smith v. Piezo Tech. & Prof'I Adm'rs, 427 So.2d 182, 184 (Fla.1983). "A JCC has no authority or jurisdiction beyond what is specifically conferred by statute." Farhangi v. Dunkin Donuts, 728 So.2d 772, 773 (Fla. 1st DCA 1999). "Unlike a court of general jurisdiction, a judge of compensation claims does not have inherent judicial power but only the power expressly conferred by chapter 440." McFadden v. Hardrives Constr., Inc., 573 So.2d 1057, 1059 (Fla. 1st DCA 1991); see Salony v. S. Fla. Pub. Communication, 734 So.2d 544, 545 (Fla. 1st DCA 1999) (noting that a "JCC lacks contempt authority"). Nothing in chapter 440 gives the JCC the authority, power, or jurisdiction to conduct an attorney disciplinary proceeding or sanction an attorney for a violation of the Florida Rules of Professional Conduct. See § 440.33, Fla. Stat. (2002) (concerning "powers of judges of compensation claims").
Further, as this court has recognized, "the Supreme Court of Florida has exclusive jurisdiction over the discipline of attorneys." Bammac, Inc. v. Grady, 500 So.2d 274, 278 (Fla. 1st DCA 1986). See Art. V., § 15, Fla. Const. ("Attorneys; admission and discipline. The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted."). See also, e.g., The Fla. Bar v. Flinn, 575 So.2d 634 (Fla.1991) (approving referee's findings of fact and discipline recommendation in lawyer disciplinary proceeding involving, among other things, actions taken by attorney in workers' compensation case); The Fla. Bar v. Kirtz, 445 So.2d 576, 577 (Fla.1984) (approving referee's finding and discipline recommendation concerning attorney's misconduct in workers' compensation case).
Therefore, because the JCC acted beyond his jurisdiction here, we reverse the order on appeal to the extent that it finds appellant's attorney in violation of Florida Rules of Professional Conduct and imposes sanctions because of such violations.
REVERSED.
KAHN, WEBSTER and BROWNING, JJ., Concur.