PALMER, J.
Van Dingenen, P.A., appeals the final order entered by the trial court dismissing with prejudice, for lack of subject matter jurisdiction, its complaint for declaratory and equitable relief. We reverse.
This case involves a dispute over attorney’s fees and costs incurred in several workers’ compensation cases between the former law firm and the current law firm of the claimants’ attorney. The record reveals that Attorney Charles Smith, while an associate in the firm of Cianfrogna, Telfer, Reda, Faherty & Anderson, P.A. (“Cianfrogna”), filed several workers’ compensation claims on behalf of several clients. Approximately a year later, Smith left the Cianfrogna law firm and took employment as an associate with the law firm of Van Dingenen, P.A. After Smith’s departure from Cianfrogna, several of his clients terminated their contracts with that law firm and retained the services of Smith at Van Dingenen, P.A. Cianfrogna filed a notice of lien in the pending compensation claims, alleging entitlement to the payment of attorney’s fees and costs against any benefits paid. When attempts to resolve the allocation of fees and costs between the two law firms proved unsuccessful, Van Dingenen, P.A. filed a lawsuit assert *943 ing a claim for declaratory relief with regard to fees and costs.
After conducting a hearing, the trial court dismissed the lawsuit with prejudice, concluding that the court lacked subject matter jurisdiction over the matter. This appeal by Van Dingenen timely followed. Van Dingenen argues that the trial court erred in dismissing its complaint on the grounds that it lacked subject matter jurisdiction over the case and we agree.[1]
Count III of the instant complaint sought declaratory relief regarding the allocation of attorney’s fees and lawsuit costs arising from several workers’ compensation claims. The underlying controversy involves a dispute between two law firms regarding the allocation of fees awarded in a workers’ compensation cases based upon theories of contract law and quantum me-ruit.
Section 86.011 of the Florida Statutes grants circuit courts the authority to issue declaratory relief:
86.011. Jurisdiction of trial court
The circuit and county courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed. No action or procedure is open to objection on the ground that a declaratory judgment is demanded. The court’s declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment.
§ 86.011, Fla. Stat. (2003). Section 26.012(2)(c) of the Florida Statutes grants circuit courts jurisdiction over matters in equity:
26.012. Jurisdiction of circuit court
[[Image here]]
(2) [Circuit courts] shall have exclusive original jurisdiction:
[[Image here]]
(c) In all cases in equity....
§ 26.012(2)(c), Fla. Stat. (2003). Florida ease law establishes that circuit courts possess subject matter jurisdiction to adjudicate disputes between law firms regarding allocation of client fees. See Miller v. Jacobs & Goodman, P.A., 699 So.2d 729 (Fla. 5th DCA 1997). Case law further establishes that the circuit courts possess exclusive jurisdiction over disputes between law firms regarding the allocation of fees in workers’ compensation cases. See Levine, Busch, Schnepper & Stein, P.A. v. Winn Dixie Stores, Inc., 695 So.2d 798 (Fla. 1st DCA 1997)(holding that in determining liability of employer and insurance carrier for workers’ compensation claimant’s attorney fees, judge of compensation claims was not authorized to consider or decide whether two law firms who had represented claimant had reached agreement between themselves regarding fees, as any such contractual agreement had no bearing on employer and carrier’s liability for fees); McFadden v. Hardrives Const. Inc., 573 So.2d 1057 (Fla. 1st DCA 1991)(holding that court of general jurisdiction in contract or tort action, rather than judge of compensation claim, should have been used to resolve claimant’s liability for fees claimed by one attorney; case involved matters of agreement between *944 claimant and that attorney and between both attorneys who previously worked in same firm); Watson v. State, Dept. of Labor and Employment Sec., 552 So.2d 970 (Fla. 1st DCA 1989)(Zehmer, J., concurring speciallyXnoting: “I write only to point out that the judge of compensation claims is not given power by chapter 440 to resolve disputes between attorneys concerning how fees awarded jointly to them shall be apportioned between them and that such disputes can be resolved only in the circuit court.”).
Applying this law to the instant facts it becomes clear that the trial court possessed subject matter jurisdiction over count III of the instant amended complaint. Accordingly, the court’s dismissal order is reversed.[2]
REVERSED as to count III.
PETERSON and GRIFFIN, JJ., concur.

. Gregory Sanders, although named as a party-appellant, did not file a notice of appeal or a brief with this court with regard to the trial court’s dismissal order and, therefore, he is not an appellant in this case. Since Van Dingenen, P.A. is only a party to count III of the amended complaint, only that count is before us for consideration. We issue no ruling regarding the dismissal of counts I and II.

. Cianfrogna also argues that affirmance of the dismissal order should be granted because dismissal was appropriate on the basis that Van Dingenen’s complaint failed to set forth a cognizable cause of action and the complaint failed to join an indispensable party. However, neither of these bases would, even if well founded, support a dismissal with prejudice without affording Van Dingenen an opportunity to amend.