PER CURIAM.
The appellant, Clifford Simpson, challenges a determination that he is not entitled to recover workers’ compensation benefits in the future because he made a misrepresentation of fact, in violation of sections 440.09(4) and 440.105(4)(b)(l), Florida Statutes. We conclude that the judge of compensation claims lacked jurisdiction to rule on the underlying indemnity claim. Therefore, the petition for benefits should have been dismissed without a ruling on the merits of the misrepresentation defense.
In April of 2003, Simpson filed a petition for benefits seeking indemnity benefits and authorization for surgery for a lower-back injury. The employer and carrier had previously accepted the injury as com-pensable but refused to authorize surgery. Shortly before the hearing on his petition began, Simpson withdrew the claim for indemnity benefits, leaving only the request for surgery to be decided.
The judge found that he lacked jurisdiction to consider the medical issue of the authorization for surgery, because Simpson had not exhausted the managed care grievance procedures. However, he went on to rule on the employer and carrier’s affirmative defense of factual misrepresentation. The judge found that Simpson had committed a misrepresentation for the purpose of securing benefits, because he had not been truthful about the fact that he had been earning money during the time that he was receiving indemnity benefits. Given this finding, the judge further ruled that Simpson was not entitled to any future workers’ compensation benefits.[1] The judge denied the request for surgery, based on both the lack of jurisdiction to consider medical issues and on the finding of misrepresentation.
We conclude that the judge exceeded his jurisdiction by ruling on the misrepresentation defense. Having found that he lacked jurisdiction to rule on the request for surgery, he should have simply dismissed the petition without ruling on whether Simpson actually committed a misrepresentation. Although the judge *796 would have had jurisdiction over the indemnity issue, Simpson had withdrawn that claim, so it was no longer before the judge. The employer and carrier may raise the misrepresentation defense again if Simpson files another petition for benefits in the future, after exhausting the managed care grievance procedures. But for now, with no jurisdiction over the only claim before him, the judge lacked jurisdiction to rule on the defense to that claim.
Therefore, we reverse that part of the order ruling substantively on the misrepresentation defense and concluding that the appellant is not entitled to any future benefits. On remand, the judge shall dismiss the petition for lack of jurisdiction.
Reversed and remanded.
BOOTH, VAN NORTWICK and PADOVANO, JJ., Concur.

. Section 440.09(4) denies workers’ compensation benefits to any worker who knowingly or intentionally engages in any of the acts set forth in 440.105, for the purpose of securing workers' compensation benefits.