894 So.2d 311 (2005)
Svetlana MARCHENKO, Appellant,
v.
SUNSHINE COMPANIES and Unisource Administrators, Appellees.
No. 1D04-2571.
District Court of Appeal of Florida, First District.
February 28, 2005.
Larry Mark Polsky, Esquire, Daytona Beach, for Appellant.
Robert S. Gluckman, Esquire, Hurley, Rogner, Miller, Cox, Waranch & Westcott, P.A., Ft. Pierce, for Appellees.
PER CURIAM.
Claimant Svetlana Marchenko appeals the order of the Judge of Compensation Claims (JCC), denying claimant's motion to vacate or set aside a settlement agreement reached in accordance with section 440.20(11)(c), Florida Statutes (2001). The JCC determined that he did not have jurisdiction to vacate such an agreement. We agree and, therefore, affirm.
The JCC is empowered only to the extent the statutes provide. See Pace v. Miami-Dade County Sch. Bd., 868 So.2d 1286, 1287 (Fla. 1st DCA 2004). "`Unlike a court of general jurisdiction, a judge of compensation claims does not have inherent judicial power but only the power expressly conferred by chapter 440.'" Id. (quoting McFadden v. Hardrives Constr., Inc., 573 So.2d 1057, 1059 (Fla. 1st DCA 1991)).[1] The statutes give the JCC neither the authority to approve settlements under section 440.20(11)(c) nor the power to vacate or set aside a settlement reached privately between the parties under the statute. Thus, the JCC did not err in finding that he was without jurisdiction to vacate the settlement agreement.
AFFIRMED.
WOLF, C.J., KAHN and POLSTON, JJ., concur.
NOTES
[1] This Court has recognized the JCC's limited authority on numerous occasions. See e.g., Pace, 868 So.2d at 1287 (holding that because the statutes did not give the JCC the authority to sanction an attorney, the JCC did not have the power to do so); Salony v. S. Fla. Public Communication, 734 So.2d 544, 545 (Fla. 1st DCA 1999) (stating that "a JCC has no jurisdiction to enforce a prior compensation order"; "[s]uch a proceeding must be brought in the circuit court"); Farhangi v. Dunkin Donuts, 728 So.2d 772, 773 (Fla. 1st DCA 1999) (holding that because there was not an express authority for it, the JCC did not have the power to "award medical treatment outside of an authorized managed care arrangement" or "otherwise `strike' the managed care arrangement").