PER CURIAM.
Marilyn Polston challenges an order entered by the Judge of Compensation Claims (JCC) finding that she violated section 440.105(4)(b)(2), Florida Statutes. We reverse and remand.
Polston filed a petition for benefits, but subsequently voluntarily dismissed the petition for benefits. The employer/carrier (E/C) filed a response asserting that they did not agree to a dismissal and they requested the JCC to determine whether Polston knowingly made false, fraudulent or misleading statements for the purpose of securing workers’ compensation benefits in violation of section 440.105. The JCC determined she had no jurisdiction once Polston voluntarily dismissed the petition for benefits.
The E/C then filed a petition for benefits, requesting “a determination pursuant to Fla. Stat. 440.09(4) whether the Employee/Claimant has knowingly made false, fraudulent or misleading oral or written statements for the purposes of securing workers’ compensation benefits in violation *767 of Fla. Stat. 440.105(4)(b).” Polston filed a motion to dismiss the petition, in which she argued the JCC had no jurisdiction. This motion was denied. After a final hearing, the JCC issued an order finding Polston had violated section 440.105(4)(b)(2), and was not entitled to compensation or benefits pursuant to section 440.09(4).
In Simpson v. American Custom Interiors, 911 So.2d 794 (Fla. 1st DCA 2004), Simpson filed a petition for benefits seeking indemnity benefits and authorization for surgery. The employer/carrier had previously accepted the injury as compen-sable, but refused to authorize surgery. Shortly before the hearing on his petition began, Simpson withdrew the claim for indemnity benefits, leaving only the request for surgery to be decided. The JCC found he lacked jurisdiction to consider the issue of authorization for surgery because Simpson had not exhausted the managed care grievance procedures. The JCC went on, however, to rule on the E/C’s affirmative defense of misrepresentation under section 440.105(4)(b). The JCC found Simpson had made misrepresentations for the purpose of securing benefits and ruled Simpson was not entitled to any future workers’ compensation benefits. On appeal, this Court concluded the JCC exceeded his jurisdiction by ruling on the misrepresentation defense:
Having found that he lacked jurisdiction to rule on the request for surgery, he should have simply dismissed the petition without ruling on whether Simpson actually committed a misrepresentation. Although the judge would have had jurisdiction over the indemnity issue, Simpson had withdrawn that claim, so it was no longer before the judge. The employer and carrier may raise the misrepresentation defense again if Simpson files another petition for benefits in the future, after exhausting the managed care grievance procedures. But for now, with no jurisdiction over the only claim before him, the judge lacked jurisdiction to rule on the defense to that claim.
Id. at 795-796.
The JCC in the present case also lacked jurisdiction to rule on the defense in the absence of a pending petition for benefits filed by Polston. We reverse the order on appeal. On remand, the JCC should dismiss the E/C’s petition for lack of jurisdiction.
BARFIELD, WOLF, and BROWNING, JJ., concur.