924 So.2d 78 (2006)
Robert FLAMILY, Appellant/Cross-Appellee,
v.
CITY OF ORLANDO and City of Orlando Risk Management, Appellees/Cross-Appellants.
No. 1D04-2453.
District Court of Appeal of Florida, First District.
February 23, 2006.
Rehearing Denied March 31, 2006.
Geoffrey Bichler of Bichler & Kelley, P.A., Winter Park, Attorney for Appellant/Cross-Appellee.
Danni Lynn Germano and Michael Broussard of Broussard, Cullen, DeGailler *79 & Eagan, P.A., Orlando, Attorneys for Appellees/Cross-Appellants.
PER CURIAM.
This is an appeal and cross-appeal from a final order of the Judge of Compensation Claims (JCC). The JCC denied Claimant's petition for benefits, finding his hepatitis C was neither presumptively suffered in the line of duty pursuant to section 112.181, Florida Statutes, nor an occupational disease. The JCC also vacated a 1996 settlement agreement between the parties. We conclude the JCC properly denied the petition for benefits on both grounds, but lacked subject matter jurisdiction to vacate the settlement agreement. Accordingly, we affirm in part and reverse in part.

Recovery for an Occupational Disease
For Claimant to establish entitlement to recover on an occupational disease theory, the following four-part test must be met:
(1) the disease must be actually caused by employment conditions that are characteristic of and peculiar to a particular occupation;
(2) the disease must be actually contracted during employment in the particular occupation;
(3) the occupation must present a particular hazard of the disease occurring so as to distinguish that occupation from usual occupations, or the incidence of the disease must be higher in the occupation than in usual occupations; and
(4) if the disease is an ordinary disease of life, the incidence of such disease must be substantially higher in the particular occupation than in the general public.
See Lake v. Irwin Yacht & Marine Corp., 398 So.2d 902, 904 (Fla. 1st DCA 1981); § 440.151(2), Fla. Stat. (2000).
Here, the record supports the JCC's finding that Claimant failed to meet this test. Specifically, Claimant testified he could not recall any instances of exposure to anyone infected with hepatitis C. There was no evidence that Claimant contracted the disease during his employment or that he did not have the disease prior to his employment as a firefighter. Consequently, Claimant failed to establish the first and second prongs of the test: that his hepatitis C was actually contracted during his employment as a firefighter, and was caused by employment conditions characteristic of and peculiar to being a firefighter.
Additionally, Dr. Rischitelli, an occupational disease specialist, testified he had conducted a study of firefighters, police officers, and correctional officers to determine whether there was an elevated prevalence of hepatitis C in those groups. The study revealed the rate of prevalence in those groups was essentially the same as that in the control group of voluntary blood donors. The record also indicates the Center for Disease Control published a report stating there is no higher incidence of hepatitis C in firefighters than in the general public. Dr. Rischitelli opined hepatitis C is an ordinary disease of life, because it was reflected in the general population, and was a disease a physician would not be surprised to find in his practice.
Based on this evidence, Claimant also failed to establish the third and fourth prongs of the test: that being a firefighter presents a particular hazard of contracting hepatitis C, and the incidence of hepatitis C is substantially higher among firefighters than in the general public. Accordingly, the JCC's conclusion that Claimant's hepatitis C was not an occupational disease is affirmed.

*80 The JCC's Jurisdiction to Set Aside Settlement Agreement

In Marchenko v. Sunshine Companies, 894 So.2d 311 (Fla. 1st DCA 2005), this court determined that a JCC no longer has jurisdiction to vacate settlement agreements pursuant to the statutory changes made in 2001 to section 440.20(11)(c), Florida Statutes. Under Florida's workers' compensation law, a claimant's substantive rights are fixed on the date of accident; however, procedural or remedial changes may apply to claimants without regard to the date of accident. Paulk v. School Bd. of Palm Beach County, 615 So.2d 260, 261 (Fla. 1st DCA 1993). The addition of section 440.20(11)(c) does not impact the amount of benefits or services that a claimant may receive or change the liability of the E/C. Moreover, the statutory change only affects the means of approval of a settlement agreement. Thus, it is a procedural change that should be applied retroactively. See Ace Disposal v. Holley, 668 So.2d 645, 646 (Fla. 1st DCA 1996) (holding that the amendments to the partial total disability statute, which required a claimant to apply for social security disability benefits to continue receiving partial total disability benefits, was a procedural change because the benefits remained the same even though they may be paid by a different entity); Russell Corp. v. Jacobs, 782 So.2d 404 (Fla. 1st DCA 2001) (holding that an amendment to section 440.09(4), Florida Statutes, which granted the JCC jurisdiction to determine whether fraud occurred in workers' compensation cases, was a procedural change and should apply retroactively); Fla. Birth-Related Neurological Injury Compensation Ass'n v. DeMarko, 640 So.2d 181 (Fla. 1st DCA 1994) (holding that a statute transferring jurisdiction from one quasi-judicial tribunal to another was procedural in nature and should apply retroactively). Because the statute applies retroactively, the JCC lacked subject matter jurisdiction to vacate the 1996 settlement agreement in this case.
We, therefore, reverse the JCC's order vacating the 1996 settlement agreement and award of attorney's fees and costs to Claimant and remand this case to the JCC for reinstatement of the settlement agreement.
AFFIRMED in part, REVERSED in part, and REMANDED.
KAHN, C.J., HAWKES and THOMAS, JJ., concur.