PER CURIAM.
 

 Petitioners timely sought certiorari review of an order of the Judge of Compensation Claims (JCC) denying their motion to disqualify the law firm representing Respondent, based on a finding that a JCC lacks jurisdiction to address such a motion. Because Petitioners seek a determination of whether a JCC has jurisdiction to rule on a motion to disqualify counsel, we treat the petition for writ of certiorari as a petition for writ of mandamus.
 
 See, e.g., Pino v. Dist. Court of Appeal, Third Dist.,
 
 604 So.2d 1232, 1233 (Fla.1992) (“Mandamus is an appropriate legal remedy where the petitioner has a clear legal right to the performance of a particular duty and has no other legal method for obtaining relief. Mandamus is properly used to test the correctness of a determination of no jurisdiction by a court of lesser jurisdiction.” (citations omitted));
 
 Moody v. Moody,
 
 705 So.2d 708, 708 (Fla. 1st DCA 1998) (“A writ of mandamus may issue to require a timely ruling on a matter pending before a lower tribunal.”). Because the JCC clearly had the jurisdiction and the duty to rule on Petitioners’ motion to disqualify, we grant the petition and quash the order.
 

 In this case, after representing Petitioners as a member of the Kelley, Kronen-berg, Gilmartin, Fichtel, Wander, Bamdas, Eskalyo & Dunbrack, P.A., (Kelley) law firm, Gary Miller became an employee of the firm Richard E. Zaldivar, P.A., (Zaldi-var), which represents the Claimant in this matter. Kelley filed a motion to disqualify Zaldivar, which Zaldivar opposed. The JCC, relying on
 
 Pace v. Miami-Dade County School Board, 868
 
 So.2d 1286 (Fla. 1st DCA 2004), denied the motion, finding he lacked jurisdiction to grant it because he had no express statutory authority to enforce the Florida Rules of Professional Conduct.
 

 The JCC erroneously relied on
 
 Pace
 
 to conclude he had no jurisdiction, as that case involved an attempt by the JCC “to sanction an attorney for violations of the Florida Rules of Professional Conduct.”
 
 Id.
 
 at 1287. This court reversed the JCC’s ruling in
 
 Pace
 
 because only the Florida Supreme Court has jurisdiction to discipline attorneys.
 
 Id.; see also
 
 Art. V, § 15,
 
 *1149
 
 Fla. Const. (“The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted.”).
 

 This court has long distinguished the discipline of attorneys from “the duty of the courts to see that the code or rules of professional responsibility, by whatever name, are complied with.”
 
 Bammac, Inc., v. Grady,
 
 500 So.2d 274, 278 (Fla. 1st DCA 1986).
 
 See also Lincoln Assocs. & Constr. Inc., v. Wentworth Constr. Co.,
 
 26 So.3d 638 (Fla. 1st DCA 2010) (relying on Rule Regulating The Florida Bar 4-1.7, court quashed JCC’s denial of motion to disqualify law firm representing two parties in same case without obtaining proper releases from both clients). Because the JCC is empowered to do all things conformable with law pursuant to section 440.33(1), Florida Statutes (2007), the JCC has jurisdiction to determine whether Rules Regulating The Florida Bar 4-1.9 and 4-1.10 require the disqualification of Zaldivar’s firm in this case.
 
 [1]
 
 Accordingly, we GRANT the petition, QUASH the JCC’s order, and REMAND this matter to the JCC with directions to rule on the motion to disqualify.
 

 HAWKES, C.J., PADOVANO and MARSTILLER, JJ., Concur.
 

 [1]
 

 . We note that, in the response to the petition, Respondent concedes error on the question of jurisdiction.