PER CURIAM.
In this workers’ compensation case, the Employer/Carrier (E/C) filed a motion seeking to terminate Claimant’s entitlement to benefits under chapter 440 on grounds Claimant violated section 440.105(4)(b), Florida Statutes (2006), and thus, pursuant to section 440.09(4)(a), Florida Statutes (2006), she was no longer entitled to any benefits. No petition for *1123 benefits was pending when the E/C filed its motion. Because we conclude the Judge of Compensation Claims (JCC) lacked jurisdiction to address the E/C’s Motion to Terminate Benefits, we quash the order on appeal and remand with directions that the motion be dismissed for lack of jurisdiction. See Polk County v. Sofka, 702 So.2d 1243, 1245 (Fla.1997) (holding ‘“the parties cannot stipulate to jurisdiction over the subject matter where none exists,’ and ‘[cjourts are bound to take notice of the limits of their authority and if want of jurisdiction appears at any state of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order’ ” (citations omitted)).
In Polston v. Hurricane Island Outward Bound, 920 So.2d 766 (Fla. 1st DCA 2006), this court reversed the JCC’s finding she had jurisdiction to entertain the E/C’s petition for benefits which requested “a determination pursuant to Fla. Stat. 440.09(4) whether the Employee/Claimant had knowingly made false, fraudulent or misleading oral or written statements for the purposes of securing workers’ compensation benefits in violation of Fla. Stat. 440.105(4)(b).” Id. at 766-67. The determination that the JCC lacked jurisdiction was based on “the absence of a pending petition for benefits filed by Polston.” Id. at 767. The rules of procedure define a petition for benefits as “a pleading invoking the jurisdiction of the OJCC and subject to the requirements of Sections 440.192(1) through (4), Florida Statutes.” Fla. Admin. Code R. 60Q-6.102(1). Section 440.192 establishes the requirements for the filing of a petition for benefits, specifically restricting the filing to “any employee.”
A JCC has no powers beyond those conferred by the statute. See Pace v. Miami-Dade County Sch. Bd., 868 So.2d 1286, 1287 (Fla. 1st DCA 2004). Because chapter 440 authorizes only employees to file pleadings invoking the jurisdiction of the JCC, whether the E/C here termed its pleading a motion or a petition for benefits, the relief sought was the same as it was in Polston — a determination that Claimant violated section 440.105(4). Accordingly, the JCC had no jurisdiction to address the E/C’s motion absent a pending petition for benefits. We QUASH the order of the JCC and REMAND with directions that the JCC dismiss the motion for lack of jurisdiction.
WOLF, PADOYANO, and ROWE, JJ„ concur.