PER CURIAM.
In this workers’ compensation case, the minor child of the decedent employee challenges an order from the Judge of Compensation Claims (JCC) denying her death benefits payable under section 440.16, Florida Statutes (2012). The Employer/Carrier (E/C) here accepted the employee’s death as a compensable workplace injury and subsequently filed an emergency motion seeking to determine the beneficiaries of death benefits. No petition for benefits (PFB) or other claim for benefits was pending when the E/C filed its motion. Because we conclude the JCC lacked jurisdiction to address the E/C’s motion, we quash the order on appeal and remand with directions that the motion be dismissed for lack of jurisdiction. See Polk County v. Sofka, 702 So.2d 1243, 1245 (Fla.1997) (holding “‘the parties cannot stipulate to jurisdiction over the subject matter where none exists,’ and ‘[cjourts are bound to take notice of the limits of their authority and if want of jurisdiction appears at any state of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order’ ” (citations omitted)).
This court has previously reversed findings of fraud under section 440.105(4)(b), Florida Statutes, holding that a JCC has no jurisdiction over this *1151 affirmative defense in the absence of a pending PFB filed by the claimant. See Fla. Dep’t of Transp. v. Rippy, 67 So.3d 1122, 1123 (Fla. 1st DCA 2011) (holding jurisdiction of JCC is invoked with filing of PFB and employer/carrier has no statutory right to file PFB); see also Polston v. Hurricane Island Outward Bound, 920 So.2d 766, 767 (Fla. 1st DCA 2006); Simpson v. Am. Custom Interiors, 911 So.2d 794 (Fla. 1st DCA 2004). Similarly, the JCC here lacked jurisdiction to address death benefit entitlement on the E/C’s motion where no individual had filed a claim requesting the payment of such benefits. Under the self-executing system of workers’ compensation, the E/C was permitted to pay nothing based upon its own assessment of its liability. Instead, the E/C, by its motion, essentially requested an advisory or declaratory opinion for which there is no provision in Chapter 440. A JCC, however, has no powers beyond those specifically conferred by the statute. See Pace v. Miami-Dade Cnty. Sch. Bd., 868 So.2d 1286, 1287 (Fla. 1st DCA 2004).
Because we conclude the JCC did not have jurisdiction, we cannot reach the question of whether she erred when she concluded the natural minor child of the decedent is not entitled to death benefits due to a failure to prove dependency upon the decedent. We QUASH the order of the JCC and REMAND with directions that the JCC dismiss the motion for lack of jurisdiction.
PADOVANO, CLARK, and SWANSON, JJ., concur.