# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1982

_____

TELFER, FAHERTY & ANDERSON,
P.L.L.C.,

   Appellant,

   v.

KELLY CAPLICK, SOUTHEASTERN
GROCERS and SEDGWICK CMS,
INC.,

   Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
Robert L. Dietz, Judge.

Date of Accident: December 15, 2015.

May 16, 2019

PER CURIAM.

   After sustaining an injury at work, Kelly Caplick retained the law firm of Telfer, Faherty and Anderson to represent her in a worker's compensation case against her employer. Brigitta Hawkins was the TFA partner assigned to Caplick's case. When Hawkins left TFA for another firm, Caplick followed her to the new firm and entered into a contingency fee agreement with the firm.

The case settled while Caplick was represented by the new firm. A disagreement arose over how the attorney's fees obtained from the settlement should be allocated between the two law firms. TFA filed a verified petition seeking a charging lien against the settlement proceeds. TFA argued that it was entitled to 91% of the proceeds and Hawkins and her new firm were entitled to 9%, based on Hawkins' 9% equity ownership interest in TFA. In the alternative, TFA asserted that if the JCC were to allocate fees on a quantum meruit basis, TFA was entitled to 50% of the fee award for the value of the services rendered by TFA in Caplick's case. Hawkins argued that there was no agreement between her and TFA about how to split the fees in Caplick's case, so the JCC should allocate the fees only based on quantum meruit.

The JCC determined that it was not necessary to consider the contractual agreement between TFA and Hawkins when allocating the fees between TFA and Hawkins' new firm. Instead, the JCC concluded that quantum meruit was the proper basis for allocating the fees between the two firms. The JCC considered the benefits obtained by Caplick while represented by each firm and the time Hawkins spent on Caplick's behalf at each firm. After weighing the evidence and determining the credibility of the witnesses, the JCC determined that TFA was entitled to 10% of the fee award and that Hawkins and her new firm were entitled to 90% of the fee award. This timely appeal follows.

TFA presents two arguments for reversal. First, TFA argues that the JCC erred when it failed to consider the equity partnership agreement between TFA and Hawkins when it allocated the fees between the two law firms. Second, TFA argues that competent, substantial evidence does not support the JCC's award of 90% of the fee to Hawkins and her new firm on a quantum meruit basis. Because the JCC did not err in allocating the fees between the two law firms, we affirm.

In a dispute between law firms or attorneys over allocation of attorneys' fees obtained in a settlement of a worker's compensation claim, a JCC has jurisdiction to determine fees owed to a law firm or attorney who once represented the claimant based on quantum meruit. *Rosenthal, Levy & Simon, P.A. v. Scott*, 17 So. 3d 872, 876 (Fla. 1st DCA 2016) (recognizing the JCC's authority to determine

2

the quantum meruit fee owed to the law firm that once represented claimant); *Law Office of James E. Dusek v. T.R. Enters.*, 644 So. 2d 509, 510 (Fla. 1st DCA 1994) (holding that quantum meruit is the proper basis for fixing the amount of attorney's fees recoverable by a discharged attorney). In such cases, the JCC may determine the value of services provided by the former law firm or attorney and allocate the fees obtained in a settlement between a former law firm or attorney and a successor law firm or attorney. *See Salzman v. Reyes*, 198 So. 3d 1068, 1069 (Fla. 1st DCA 2016) (concluding that a JCC had jurisdiction to resolve disputes between two unaffiliated law firms over quantum meruit fee sought by the firm that first represented claimant).

But where a former attorney or law firm and a successor attorney or law firm have entered into an employment agreement or formed a partnership or other legal relationship and the dispute involves claims for attorney's fees arising from those contractual arrangements, only circuit courts have jurisdiction to resolve the dispute. *See McFadden v. Hardrives Constr. Inc.*, 573 So. 2d 1057, 1058-59 (Fla. 1st DCA 1991) (on motion for clarification) (concluding that JCC lacked jurisdiction to resolve a fee dispute between law firm and its former associate when the dispute required the application of tort or contract law); *Watson v. State*, 552 So. 2d 970, 971 (Fla. 1st DCA 1989) (Zehmer, J., concurring) (explaining that a JCC had the power to allocate fees based on the services rendered during the respective periods of representation, but not the authority to resolve a dispute over the amount of work an attorney performed while an associate at a firm and the proper division of the fee earned during that period). Circuit courts also have exclusive jurisdiction when the law firms or attorneys entered into a settlement agreement or contract addressing attorney's fees. *See Levine, Busch, Schnepper & Stein, P.A. v. Winn Dixie Stores, Inc.*, 695 So. 2d 798, 800 (Fla. 1st DCA 1997) (holding that JCC lacked jurisdiction "to consider whether [the two unaffiliated law firms] reached an agreement between themselves regarding attorney's fees").

Here, TFA argues that in allocating the fees between TFA and Hawkins' new firm, the JCC needed to consider the equity partnership agreement between TFA and Hawkins. We disagree. The JCC acted within its jurisdictional authority to resolve the

dispute between TFA and Hawkins' new firm by allocating the fees on a quantum meruit basis. The JCC considered the benefits obtained by Caplick and the efforts expended by Hawkins while Caplick was represented by TFA. And the JCC considered the benefits obtained by Caplick and the efforts expended by Hawkins while Caplick was represented by the successor firm. This was the proper measure for the JCC to apply when allocating the fees between the two law firms. If TFA claims entitlement to any of the fees awarded by the JCC to Hawkins and her new firm that derive from the equity partnership agreement, those claims are within the exclusive subject matter of the circuit court.

As for TFA's remaining argument on appeal, competent, substantial evidence supports the JCC's allocation of fees between TFA and Hawkins. *Prather v. Process Sys.*, 867 So. 2d 479, 481 (Fla. 1st DCA 2004) (noting that a JCC, as the trier of fact, has the authority to determine the credibility of witnesses). We, therefore, AFFIRM the order on appeal because the JCC applied the correct law to resolve the fee dispute and because the JCC's resolution is supported by competent, substantial evidence.

ROWE, BILBREY, and WINSOR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Robert J. Telfer of Telfer, Faherty & Anderson, P.L.L.C., Titusville, for Appellant.

Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, and Brigitta Hawkins of Bogin, Munns & Munns, P.A., Titusville, for Appellees.

4